ELLEN SULLIVAN, respondent, v. ELIJAH M. DUNPHY, appellant.

EJECTMENT.— Where plaintiff alleges, among other things, lawful, continuous and exclusive possession in herself from August, 1870, to October, 1877, which is denied by defendant, who claims to have held sole, exclusive and peaceable possession of controverted premises since February, 1873, which the replication denies, and the jury find for plaintiff: *Held*, that this sufficiently sets forth a claim of adverse possession under the statute of limitations, which, by the special finding of the jury, had continued long enough to ripen into title.

Under averment of ownership in fee and right to possession of premises at the time of suit brought, a party can prove any facts which would entitle him to possession at such time. The allegations and denials in this case necessarily involve the question of adverse possession under the statute of limitations. A claim of much longer possession through plaintiff's grantors than this statute requires may be rejected as surplusage.

The allegations of pleadings must be construed with a view to substantial justice between parties.

*Appeal from Third District, Lewis and Clarke County.*

CHUMASERO & CHADWICK, for appellant.

This was an action of ejectment to recover the possession of lot 8, in block 30, in the Helena town site, county of Lewis and Clarke, and also to recover the rents and profits thereof. The plaintiff in her complaint avers that she is the owner of the said lot and entitled to the possession thereof, and that in October, A. D. 1877, the defendant ousted her from the possession thereof. The defendant by his answer avers that he is the owner thereof and in the possession, and entitled to the possession, of said lot; also pleads the statute of limitations as a separate defense.

The plaintiff, to sustain the issues upon her part, attempts to establish a title from the United States by a series of conveyances from one "Wau Lee," a Chinaman, as appears from such conveyances, who had received a conveyance from the probate judge of said county, and

said judge from the United States, for the town site of Helena, as trustee for the use and benefit of the several occupants of the lots or pieces or parcels of land embraced within said town site. The defendant also claims to be .the owner of the said lot by virtue of a deed from the probate judge of the said county to one Henry L. Tanner, under whom defendant claims title by direct conveyance made by said Tanner to grantors of defendants. Wau Lee received his deed in September, 1869, and Tanner in February, 1873.

In the answer of defendant he denies each and every material allegation of the complaint specifically. Therefore the plaintiff was required, to warrant a recovery in said action, to prove that she had the legal title to the said property, and that she, by deraignment of title, held the lot by virtue of a conveyance from the United States and intermediate conveyance until the same vested in her. It will be seen, from the pleadings, that no right to the possession of the said lot is claimed in the complaint or replication by virtue of adverse possession or statute of limitations. Therefore such right, even if proved and found by a jury, could not have availed her anything. No authorities need be cited on this question.

1. The court erred in allowing the evidence offered and received against the objection of the appellant, relative to the entry of the said Helena town site, and the copy of the patent received therefor, for the reason that the same was incompetent for the purposes for which it was offered. See assignment of errors marked 1, a, b and c, and bills of exceptions Nos. 1, 2, 3.

2. There was error in receiving and allowing to be read in evidence the application made by Wau Lee, Chinaman, for entry of said lot, and in receiving the deed therefor. See assignment of errors, 1, d and e, and bills of exception 3 and 4. The deed introduced in evidence from the probate judge to Wau Lee, for said lot, recites that the grantee was a Chinaman. The laws of the

United States, or the treaties, do not permit a Chinaman to declare his intentions, or to become a citizen of the United States. And, therefore, under the various acts of congress, an alien Chinaman cannot avail himself of the benefits of said laws, and cannot receive a title to the public lands under either the pre-emption laws, homestead, town site or mineral acts. He can acquire no rights under said laws, and any conveyance to him from the government is void as to a citizen holding a title from the government to the land so conveyed to the alien Chinaman. *Courtney* v. *Turner*, 12 Nev. 345; *Chapman* v. *Toy Long*, 4 Saw. C. C. 28; *Van Valkenberg* v. *Bonn*, 43 Cal. 43.

Again. If the application had been made by a citizen of the United States, it would have been a nullity, as it does not comply with the requirements of the statute, and is made up principally of blank spaces.

3. There was error in allowing the contents of a supposed deed from Wau Lee to Lum Sing to be given to the jury, as there was no legal evidence of the execution or existence of the said alleged deed, and the witnesses attempting to give the contents conclusively showed that they were unacquainted with the contents thereof. That the proof in this case throughout shows that no such deed existed, and there was never any grantor by name of Wau Lee. It was further shown by respondent's witnesses that the paper mentioned by them was signed by a cross (×); that there were subscribing witnesses, who were not called to prove the execution, and the absence of such witnesses was unaccounted for. It seems to have been admitted upon the strength of some supposed acknowledgment that two parties thought they had seen. This supposed instrument was a muniment of respondent's title, and therefore strict proof must be made of its due execution and of its contents. We venture the opinion that by searching every work on evidence, and all of the court reports in our language, a case cannot be found where an important instrument like this

was admitted in evidence upon such flimsy proof. See bill of exceptions No. 4. See, also, the following authorities: 1 Whart. on Ev. secs. 140, 141, note, and authorities there cited; sec. 142 and note and authorities cited; secs. 144, 145, 147, 148; also secs. 696, 723, 725, 726, 727.

Upon examination of these references it will be seen that each and every proposition of law is fortified by a vast number of decisions, both American and English. And it will be further observed that every rule for the introduction of this evidence contained in the text or notes was disregarded, in permitting the witnesses to testify in the manner they did. See *Kelsey* v. *Hamer*, 18 Conn. 315–16; *Sicord* v. *Davis*, 6 Pet. 130–140; *Jackson* v. *Root*, 18 Johns. 73; *Jackson* v. *Frier*, 16 Johns. 193–196. But it is unnecessary to cite further authorities, as Mr. Wharton in his notes to the section above referred to has given them in full, and the number is too large to be cited separately.

4. The court erred in allowing the deed from Lum Sing to Patrick McCann to be read in evidence without due proof of its execution. This deed was executed by the mark (×) of the grantor, and was admitted in evidence by virtue of the acknowledgment and recordation, but it was never acknowledged, as shown by the evidence. The deed was made on the 30th day of September, A. D. 1879, and was acknowledged on the 18th day of the same month, as shown by the deed, and there was no proof to contradict such facts recited by the instrument. In fact, none could have been introduced on the trial, as there was no foundation for the reformation of the deed. As to the proof requisite *aliunde* of its execution, see the authorities last above cited as to the execution of instruments signed by a mark, and especially secs. 140 *et seq.* of 1 Wharton on Evidence; also see Assignment of Errors, No. 1, letter "f," and Bill of Exceptions No. 4; Laws of Montana of 1879, p. 653, sec. 1169.

5. There are many other errors as claimed by defend-

ant's counsel, committed during the progress of the trial, from the time of the introduction of the deed last named to the giving of the instructions given by the court, which are relied upon by appellant, which are too numerous to be noticed in a brief separately, but the same are specifically pointed out in the assignment of errors, and also contained in the bills of exceptions therein referred to.

6. In our opinion the first instruction is clearly erroneous. It states to the jury that as the defendant claims title to the lot in question by deed from same source as plaintiff, the probate judge, that he cannot question the entry made by such judge, but it is admitted that it had been "regularly and lawfully made."

We contend that this rule of law is not applicable in this case — an action of ejectment. Complaint shows defendant in possession. The legal presumption is that he holds it legally; and as the plaintiff must recover on the strength of her own title and not on the weakness of that of defendant, that this instruction was erroneous.

7. We claim that the second instruction is not law. The question of the applicant for the entry of the lot being an alien Chinaman is entirely ignored. See second point of brief, and authorities there cited.

8. The third instruction is erroneous. If any title passed to the said lot to Wau Lee, then, as we have heretofore shown, there has been no legal proof that Wau Lee ever conveyed to Lum Sing, or Lum Sing to the immediate grantor of the respondent. Therefore said instruction is not applicable and not law.

9. That all of the instructions following, given at request of plaintiff, are erroneous, for the reasons fully set forth in assignment of errors, and contained in bill of exceptions No. 8.

10. It will be seen from the instructions given by the court, that if, by reason of the recordation of respondent's muniments of title, including both of the deeds above named, — from Wau Lee to Lum Sing, and deed from

Lum Sing to McCann,— then the defendant would have constructive notice of plaintiff's title, and he would not be a purchaser in good faith, and therefore not entitled to set off permanent improvements on the premises against rents and profits. And on the strength of such instructions the jury found that the entry of the defendant was not in good faith, and judgment was rendered for the plaintiff and against defendant for such rents and profits. This we claim is error for which the judgment should be reversed. The respondent stands in this case without any title from the United States, or from any person holding said title. The appellant claims through a complete chain of title from the United States.

The deed from Lum Sing was not entitled to recordation, and would give no notice to any one, for it was not acknowledged or proved. The supposed deed from Wau Lee has not an existence under the evidence, and no claim that it was ever recorded. And as the court cannot say as to what effect the admission of these two deeds in evidence may have had with the jury in finding as they did, the case must be reversed. See *Sicord* v. *Davis*, 6 Pet. 130–140, *supra*. And as it is apparent that the admission of this incompetent evidence and the instructions of the court as to the *bona fides* of appellant's entry brought about the finding of the jury upon this question, the case, in our opinion, must be reversed. There are many other errors presented in the record and pointed out in the bills of exceptions and assignment of errors upon which appellant relies, but space will not admit of specifying them particularly in this brief, but they will be presented in the argument before the court.

SHOBER & LOWRY and E. W. & J. K. TOOLE, for respondent.

The action is ejectment. The complaint avers ownership, coupled with right of possession. The third count alleges quiet, exclusive and continuous possession of the

premises from August, 1866, until the 4th day of October, 1877, at which time the ouster is alleged.

1. Appellant claims that the plaintiff failed to allege the statute of limitations or adverse possession as a separate source of title, and hence must rely upon her paper or legal title.

The third subdivision of the complaint seeks to raise this very question; issue is joined upon it by the appellant's answer, and proof was introduced under it without objection, and the case tried in the court below upon that theory. After pursuing such a course, it is too late now to object, if, in the opinion of the court, the statute was not properly pleaded. But it was unnecessary to plead the statute. The allegation would be surplusage. Under the allegation of ownership, coupled with the right of possession, adverse possession could be shown. *Gillespie* v. *Jones*, 47 Cal. 259.

No error occurred by reason of the introduction of any evidence relating to the Helena town site, copy of patent or application of Wau Lee. Sufficient foundation was laid for the introduction of the former, and the latter was the best and competent evidence of the fact it seeks to prove. But the entire evidence to which exception was taken was not material, and could have worked no injury to appellant. The rule is that where both parties claim title from the same source, the paramount source need not be shown. *Whitman* v. *Steiger*, 46 Cal. 256. Such are the facts in this case, as shown by the evidence and the answer of defendant.

2. It was never contended in the court below that an alien Chinaman could acquire title under the homestead, pre-emption or mineral land laws. It was not necessary to maintain such a proposition to meet this case. The property conveyed was a portion of the town site of Helena. This property, as conceded by the brief of appellant, was held in trust by the probate judge for the use and benefit of the occupants thereof. No question of citizenship was

reserved, but occupancy alone is made the test of right to acquire title.

But if this property could only vest in a citizen, or one who had declared his intention to become such, this disability could not be taken advantage of by a private individual, and as between citizen and alien their titles are equally secure and sacred, and equally entitled to the protection of the law. The sovereign power, only by "office found," can divest the title. *Territory* v. *Lee*, 2 Mont. 124.

It is said "that an alien can take by deed and can hold until "office found" must now be regarded as a positive rule of law, so well established that the reason of the rule is little more than a subject for the antiquary. *Governeur's Heirs* v. *Robertson*, 11 Wheat. 619 (top page), side page 356; *Craig* v. *Leslie*, 3 Wheat. 563; 7 Cranch, 603; 6 McLean, 5.

But, after all, such a question is not properly presented by the record. There is no evidence to be found in the record, nor was there any in the case, that "Wau Lee" was an *alien*. Appellant contented himself by showing upon the trial that Wau Lee was either a "wash-house" or a "Chinaman." That if a "wash-house," not being *in esse*, no title passed; and that if Wau Lee was a Chinaman, he could not, under existing laws, become a citizen. But, as before shown, citizenship was not involved, mere occupancy being the *sine qua non*. If, however, citizenship was necessary, it will be presumed. The authorities are uniform, so far as we know, that every person residing within the jurisdiction of the United States is supposed to be a *natural born* subject until the contrary is found. *Governeur's Heirs* v. *Robertson*, 11 Wheat. top p. 619; 6 Blackf. p. 488. Appellant could have had the finding of the jury upon this question. Their finding was that "Wau Lee" was a "person."

Appellant asserts again in his brief that the application by Wau Lee for a deed was a nullity, because the blanks

were not filled. The objection is technical. The requirements of the statute were substantially complied with; but both parties claiming under the probate judge, as well as by adverse possession, the evidence became immaterial. *Whitman* v. *Steiger,* 46 Cal. 256.

If there was any defect in the application or right in the appellant, before the probate judge's deed issued, it should have been asserted in the manner pointed out by the statute (sec. 1215, R. S. M. T.).

When a right is given and a remedy prescribed in the same statute, the remedy is exclusive of any other and must be followed. *Territory* v. *Deegan,* 2 Mont. 82; *Dudley* v. *Mayhew,* 3 N. Y. 15.

Upon a further examination of the record and bill of exceptions, we see that only a *general objection* was made to this evidence. See Bill of Exceptions, Record, p. 32.

It has been repeatedly held that this sort of objection will not do. He must point out the objection. *People* v. *Apple,* 7 Cal. 289; *Kiler* v. *Kimbal,* 10 Cal. 267; *People* v. *Manning,* 48 Cal. 335.

3. As to the third point raised by appellant we respectfully submit that there is nothing in it. See Amendment to bill of exceptions No. 4, Record, pp. 43 and 44.

This testimony, which was at that time claimed to be objectionable, and now sought to be made the basis of error, was, upon appellant's motion, taken from the case and the consideration of the jury. See Motion, Record, p. 84; Order striking out evidence, Record, p. 86.

If there was anything in the fourth point relied on by appellant as to the apparent discrepancy between the date and acknowledgment of the deed from Lum Sing to McCann or as to any other objectionable matter, appellant, in order to be heard upon it here, should have laid his finger on the particular objection in the court below; this he failed to do. See Bill of Exception No. 4, Record, p. 38.

Authorities have been cited to show that such an ob-

jection is worthless. *People* v. *Apple*, 7 Cal. 289; *Kiler* v. *Kimbal*, 10 Cal. 267; *People* v. *Manning*, 48 Cal. 335. But how could the introduction of this deed injure appellant? It was good without an acknowledgment to show color of title. *Taylor* v. *Holter*, 1 Mont. 688. The acknowledgment only entitled it to record so as to impart constructive notice. *Actual notice* having been found by the jury, the deed cut no figure in the case. See Special Findings.

5. Instruction No. 1 states the law correctly. *Whitman* v. *Steiger*, 46 Cal. 256. Numerous authorities could be cited to sustain it.

6. Appellant has not pointed out any error in any of the instructions, or referred to any authorities.

7. No error can be shown as to the notice of appellant respecting his good faith in making improvements. The question of notice was fairly submitted to the jury, and they find that appellant had both actual and constructive notice. See Special Findings 11 and 12, Record, p. 158. Actual notice having been found, any instruction touching the question of constructive notice (if erroneous) could not have injured appellant. We have answered the points of appellant as made by him as if they deserved serious consideration. But, for the purposes of this case, all that has been urged by appellant could be conceded, and yet the judgment should be affirmed. Lay out of view the deed from the probate judge to Wau Lee, patent, application, survey, etc., and the deed from Wau Lee to Lum Sing, and from Lum Sing to McCann, and the fact still remains that there is in evidence a deed from McCann to the plaintiff, in due form and of record, under which the plaintiff took possession of the premises, and to which deed no objection was made. She entered under this deed on the 2d day of August, 1870 (three years before Tanner's deed issued), and held such possession under her deed until October 4, 1877, when she was ousted by appellant. If the deed to Wau Lee was void,

and the statute of limitations never commenced to run until the probate judge issued his deed to Tanner, which was February 22, 1873, we find that the fact is incontrovertible that the plaintiff had acquired a perfect title by adverse possession before the ouster. See Findings Nos. 5, 6, 7, Record, p. 156. If anything not embraced in the special findings was necessary to support the plaintiff's case, that is presumed to have been found by the jury, and is covered by the general verdict. Such a possession, even under a void deed, bars the remedy of any other person, extinguishes the right and vests a perfect title in the adverse holder. *Leffingwell* v. *Warren*, 2 Blackf. (U. S.) 605, and authorities there cited.

GALBRAITH, J. This is an action of ejectment to recover the possession of a lot in the city of Helena.

The trial was by jury. Issue was joined upon the question of title in the plaintiff from the United States, through the probate judge as trustee, etc., and other intervening conveyances; upon questions of title in the defendant from the same source also, through intermediate conveyances; upon the question of quiet, lawful and exclusive possession by the plaintiff and her predecessors in interest for a period longer than that prescribed by the statute of limitations then in force, although the statute itself is not mentioned in the allegation; and upon the question of adverse possession by the defendant under claim of right or title for a period of more than five years, being the period prescribed by the statute of limitations now existing.

In our view of the case, questions in relation to all the issues, except that of the possession by the plaintiff, as above stated, may be dismissed from our consideration and our inquiry confined to that alone.

The jury, in their special findings, say that, on the 2d day of August, A. D. 1870, one Patrick McCann conveyed the premises in controversy, by deed, to the

plaintiff; that on that day the plaintiff entered into actual occupation thereof under the deed, and that she continued in the actual occupancy of the premises from that date until October the 4th, 1877.

Also in relation to the special issue presented: "Who was in possession of the said lot from March, 1874, to March, 1879?" the jury found that the plaintiff was in possession from March, 1874, till October, 1877, and the defendant from October 4, 1877, till March 1, 1879.

The jury also found that none of the predecessors in interest of the defendant entered into the actual, open, notorious and exclusive possession of the premises, adversely to the plaintiff, prior to the month of October, 1877. The deed from P. McCann to Ellen Sullivan, dated August 2, 1870, was offered without objection. And the testimony in relation to actual occupation and possession by the plaintiff was sufficient to support the above findings. There was a general verdict for the plaintiff.

The appellant averred and offered in evidence upon the trial, as the inception of his title, a deed from the probate judge to one Henry A. L. Tanner, to the premises in controversy, made the 22d day of February, 1873. The jury were fully instructed as to what constituted adverse possession under the statute of limitations, and the appellant does not complain of any error, or indicate any objection to such instructions.

According to the above findings and general verdict under the instructions of the court, the jury will be presumed to have found that the plaintiff took possession of the premises in controversy under a claim of right or title, and was in possession of the same under such claim of right or title when the deed from the probate judge to Tanner, under which appellant claims, was made. The jury found expressly that the defendant Tanner was not in possession of the premises until the 4th of October, 1877. The plaintiff therefore had the adverse possession of the property from the 22d day of February, 1873, un-

til the 4th day of October, 1877, being a period of more than three years. Prior to the 22d day of February, 1873, and up till the 1st day of August, 1877, title by means of adverse possession, under the statute of limitations, was acquired. in three years.

We are warranted, therefore, in concluding from the special findings, general verdict and instruction of the court in relation to the acquirement of title by adverse possession, to which no specific objection is made by the defendant, that the jury did in fact find that the plaintiff had established title to the property by reason of adverse possession under the then existing statute of limitations.

It is claimed, however, by the appellant, " that no right to the possession of said lot is claimed in the complaint or replication by virtue of adverse possession or statute of limitations. Therefore, such right, even if proved and found by a jury, could not have availed her anything."

The complaint alleges "that this plaintiff and her grantors and predecessors in interest have been in the quiet, lawful and exclusive possession of said premises since August, 1866, continuously up to and until the 4th day of October, 1877, and that this plaintiff was in the lawful, continuous and exclusive possession of said premises from the 2d day of August, 1870, up to and until the 4th day of October, 1877." This allegation is denied by the answer, and the sole, exclusive and peaceable possession of the premises alleged to be in the defendant since the 22d day of February, 1873. The replication denies possession of any portion of the premises by the defendant or his predecessors in interest prior to October 4, 1877. As before observed, evidence was introduced upon the issue thus joined, special findings made thereon, and a general verdict.

The Code of Civil Procedure provides that the allegations of a pleading shall be construed with a view to substantial justice between the parties. In *Gillespie* v.

*Jones*, 47 Cal. 259, which was an action of ejectment, Niles, J., uses the following language: "The plaintiff's ownership in fee and right to the possession of the land at the commencement of the suit is averred, and under this he might prove any facts which would entitle him to possession at that time. The averment that the plaintiff's grantor had been in possession for more than five years was superfluous." The issued joined upon the above allegations and denials necessarily involved the question of adverse possession under the statute of limitations, and the averment that plaintiff had been in possession for more than three years prior to the 4th of October, 1877, would be merely surplusage.

The case was evidently tried upon this theory. In this view of the case, the general verdict is sustained by the pleadings, evidence, and the law in relation thereto.

The judgment is affirmed, with costs.

*Judgment affirmed.*