KLEINSCHMIDT, APPELLANT, *v.* STEELE, RESPONDENT.

[Submitted January 11, 1895. Decided January 14, 1895.]

PLEADING—*Assignment for benefit of creditors—Filing of inventory by assignee.*— A complaint in an action against an assignee for the benefit of creditors and his assignors, which alleges merely that the plaintiff is informed and believes that the assignee has not made an inventory, does not set up sufficient matter entitling the plaintiff to a decree that the assignee make and file such inventory.

SAME—*Same—Insufficiency of complaint—Deposit of money in bank by assignee.*— A complaint in such action alleging merely that a designated bank is a large creditor of the assignors, and that it offers to remit certain interest on their account, if the assignee will deposit his collections with the bank, but not alleging that he is not depositing the funds in such bank, does not warrant a decree requiring him to so deposit them.

SAME—*Same—Order requiring assignee to give bond.*—A complaint in an action against an assignee and his assignors, which contains no allegation whatever of the assignee's financial condition, nor any statement that he is not amply able and willing to account for all of the assets of the assignment, does not entitle the plaintiff to an order requiring the assignee to give bond for the faithful discharge of his duties as assignee.

SAME—*Same—Preferences—Clerical error in assignment.*—Where, in an action against an assignee and his assignors, it appears that the assignment is made with preferences, and refers to " Schedule A," annexed, as containing the preferences, whereas the fact is that the schedule of preferences annexed is called " B" instead of "A," but there is only one schedule annexed or referred to in the assignment, this is to be regarded as purely a clerical error, wholly immaterial, and does not entitle the plaintiff to an order requiring the assignee to pay the creditors *pro rata*, instead of by preferences.

SAME—*Same—Order fixing compensation of assignee.*—A complaint in an action against an assignee and his assignors which alleges merely that the plaintiff is informed that the assignee stated that he had accepted the assignment for

the purpose of making such profits as were possible, does not entitle the plaintiff to an order fixing the compensation of the assignee at some reasonable sum.

SAME—*Same—Fraudulent assignment.*—A creditor, in an action against an assignee and his assignors, cannot ask the court to enforce the assignment in all respects except in one particular as to preferences, and at the same time claim that the assignment is fraudulent as to creditors.

SAME.—The prayer of an equity pleading does not conclude the pleader, and he may have such relief as he shows himself entitled to. (*Davis* v. *Davis,* 9 Mont. 267.)

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION against an assignee for the benefit of creditors and his assignors. A demurrer to the complaint was sustained by HUNT, J. Affirmed.

*Cullen, Sanders & Shelton,* and *J. M. Clements,* for Appellant.

I. An assignment for the benefit of creditors is a trust, and the most appropriate remedy for enforcing the performance of all trusts is to be found in a court of equity. (*First Cong. Soc.* v. *Trustees,* 23 Pick. 148.) The trusts arising under general assignments for the benefit of creditors are, in a peculiar sense, the objects of equity jurisdiction. (1 Story on Equity Jurisprudence, §§ 1037–39, 1057; *Varet* v. *New York Ins. Co.,* 7 Paige, 560; *Crouse* v. *Frothingham,* 97 N. Y. 105; *Fitch* v. *Workman,* 9 Met. 517; *Wright* v. *Henderson,* 7 How. (Miss.) 539; *Clark* v. *Wilson,* 77 Ind. 176; *Ward* v. *Lewis,* 4 Pick. 518; *Durham* v. *Hall,* 67 Ind. 123; *Geisse* v. *Beall,* 3 Wis. 367; Willard on Equity Jurisprudence, 616; *United States* v. *Howland,* 4 Wheat. 108.) One of the earliest duties of an assignee is to ascertain the extent and particulars of the assigned property (Burrill on Assignments, § 375; 1 Am. & Eng. Ency. of Law, 875); and he must keep an account of his trust. (*Cram* v. *Mitchell,* 1 Sand. Ch. 255.) A valid assignment accepted by the assignee vests the property in him; but before he can proceed to carry out the trust he must give a bond. (1 Am. & Eng. Ency. of Law, 874.) It is the province of the court to pronounce upon the legal effect of a provision in an assignment. (See *Cunningham* v. *Freeborn,* 3 Paige, 557.) And in accordance with equity rules this court

should take cognizance of the compensation the assignee is entitled to, and restrict it to such reasonable sum as the court should adjudicate to be just and proper for his services in and about the trust. (*Geisse* v. *Beall, supra; Manning* v. *Manning,* 1 Johns. Ch. 527; *Meacham* v. *Stearns,* 9 Paige, 398.)

II. The demurrer should have been overruled, and not sustained, because it is general, admitting the truth of all relevant material facts that are well alleged in the complaint. (*Stevenson* v. *Matteson,* 13 Mont. 108; *Boley* v. *Griswold,* 2 Mont. 447; *Hartman* v. *Smith,* 6 Mont. 295.) And if there are such facts set forth sufficient to constitute one good cause of action the ruling of the court below was wrong. (*Collier* v. *Ervin,* 2 Mont. 335.) It is not necessary to allege that the assignment was made to hinder, delay, or defraud creditors, where facts showing fraud are well set forth (*Rathbone* v. *Frost,* 9 Wash. 162); nor is it necessary to pray in so many words that the assignment be declared void, if the allegation and theory of the complaint authorize such relief. (*Gillett* v. *Clark,* 6 Mont. 190; *Leopold* v. *Silverman,* 7 Mont. 266, 282; *Davis* v. *Davis,* 9 Mont. 267, 275; *Arnold* v. *Sinclair,* 11 Mont. 556, 566; 28 Am. St. Rep. 489.) From the good allegations of the complaint it appears that the deed of assignment is fraudulent on its face as to the matter of preferred creditors (citing, to this point, *McCulloh* v. *Price,* 14 Mont. 320; 43 Am. St. Rep. 637; *Marks* v. *Bradley,* 69 Miss. 1–12; Burrill on Assignments, §§ 179, 180, 240; *Davis* v. *Howell,* 33 N. J. Eq. 72; *O'Neil* v. *Salmon,* 25 How. Pr. 246; *Collomb* v. *Baldwell,* 16 N. Y. 484; *Wilson* v. *Robertson,* 21 N. Y. 587; *Schuster* v. *Rader,* 13 Col. 329, 336; *Forbes* v. *Scannell,* 13 Cal. 243, 288); and the deed of assignment is fraudulent by reason of matter well alleged *dehors* the deed in connection with matter on its face, such as the secrecy of the assignment, the confusion in the letter of the schedule of creditors, the omission to distinguish between firm and individual creditors, the absence of a schedule or inventory of assets, firm or individual, etc. (Burrill on Assignments, §§ 295, 316; 2 Pomeroy's Equity Jurisprudence, 543; Comp. Stats., § 229.) The court below had jurisdiction and should have retained the case. Fraud was well pleaded, the creation of a trust and acceptance

thereof was well alleged, and these are matters of which equity entertains jurisdiction. (Burrill on Assignments, § 292; *American Ex. Bank* v. *Inloes*, 7 Md. 380, 388; 2 Pomery's Equity Jurisprudence, § 994; *Gresham* v. *Crossland*, 59 Ga. 270, 278.) The preference of creditors is void and should be set aside, if the deed of assignment be otherwise valid. Many of the states prohibit such preferences by statute, except as to wage-earners, and "many of our most enlightened judges have regretted that the principle of permitting an insolvent to make a voluntary assignment of his property, and to give preferences in any way, should ever have been adopted." (Walworth, Chancellor, in *Boardman* v. *Halliday*, 10 Paige, 223, 228; Burrill on Assignments, § 127; approved in *Grubbs* v. *Morris*, 103 Ind. 166; *Riggs* v. *Murray*, 2 Johns. Ch. 567, 577; *Cunningham* v. *Freeborn*, 11 Wend. 240, 256; *Burd* v. *Smith*, 4 Dall. 76; *Pingree* v. *Comstock*, 18 Pick. 46, 51; *Atkinson* v. *Jordon*, 5 Ohio, 293; 24 Am. Dec. 281; *Barker* v. *Hall*, 13 N. H. 298; *Peck* v. *Merrill*, 26 Vt. 686; *Pierson* v. *Manning*, 2 Mich. 445; *Nichols* v. *McEwen*, 17 N. Y. 22; *Goodrich* v. *Downs*, 6 Hill, 438; *Barney* v. *Griffin*, 2 N. Y. 365; *Cram* v. *Mitchell*, 1 Sand. Ch. 251; *Nicholson* v. *Leavitt*, 4 Sand. 252, 280; *Post* v. *Burdick*, 12 Barb. 168, 175.) "One of the merits of the common law is that it has capacity to reach the ends of justice by the shortest paths." (*Dickerson* v. *Colgrove*, 100 U. S. 578, 584.) "Flexibility and capacity for growth and adaptation is the peculiar boast and excellence of the common law." (*Hurtado* v. *California*, 110 U. S. 516, 530; *Pierce* v. *Proprietors etc.*, 10 R. I. 227, 240; 14 Am. Rep. 667.) This expansive common law is the law of Montana and of this case, if the assignment be assumed to have been made *bona fide*, and the preferences in the assignment should be set aside.

*Thomas C. Bach*, and *Walsh & Newman*, for Respondent.

I. An assignee for the benefit of creditors should make an inventory, and, upon request, should allow an inspection of the inventory and even give a copy, and, upon request reasonably made, show to every one interested the state of the trust. But until such a request has been made, and a refusal to grant the request has been given, a creditor is not entitled to relief

in equity, when he might have what he wishes by the mere asking. (See *Bushnell* v. *McCauley*, 7 Cal. 421.) And the same argument applies to that portion of the complaint concerning the deposit of money in the Montana National Bank. And whether there was or was not an inventory, and especially whether there was one available for the creditors, are matters of which the plaintiff could have obtained knowledge, and his allegation under those circumstances should have been positive. (*Snow* v. *Halstead*, 1 Cal. 359; *Hoke* v. *Perdue*, 62 Cal. 546; *San Francisco Gas Co.* v. *San Francisco*, 9 Cal. 453; *Jones* v. *Cowles*, 26 Ala. 612; *Cameron* v. *Abbott*, 30 Ala. 416.) As to the requirement of security, no cause of action is sta'ed, because the insolvency of Steele is not alleged, nor is it even alleged that the plaintiff is informed and believes that Steele is insolvent. The mere fact that he is not worth as much as the amount of assets held by him is not cause for his removal. (See *Mandeville* v. *Mandeville*, 8 Paige, 476.) And, unless some cause is shown by the statement of a fact, no bond can be required.

II. Whatever fraud there may be in an assignment, the only person who can attack it is a creditor, and, if he elects to affirm it, with a full knowledge of all the circumstances, he is estopped from afterwards impeaching it. (See *Rapalee* v. *Stewart*, 27 N. Y. 311; *Aberlee* v. *Schlichenmeir*, 51 Minn. 1; *Horsey* v. 65 *Chew*, Md. 555; *Ontario Bank* v. *Root*, 3 Paige, 478; *Pratt* v. *Adams*, 7 Paige, 618, 641; *Rome Exchange Bank* v. *Eames*, 1 Keyes, 592; *Bishop* v. *Catlin*, 28 Vt. 72; *Watson* v. *Watson*, 128 Mass. 152; *Bailey* v. *Hervey*, 135 Mass. 174.) And the only creditor who can attack an assignment in a court of equity is one who has reduced his claims to judgment, and shows by his complaint that he has such judgment, and has issued execution which has been returned "*nulla bona.*" (*Smith* v. *Railroad Co.*, 99 U. S. 398; *Jones* v. *Green*, 1 Wall. 330; *Twell* v. *Twell*, 6 Mont. 19; *Adsit* v. *Butler*, 87 N. Y. 585, 590; Burrill on Assignments, § 454; *Schuster* v. *Rade*, 13 Col. 329; *Straight* v. *Junk*, 59 Fed. Rep. 321; *National Tube Works* v. *Ballou*, 146 U. S. 517; *Taylor* v. *Bowker*, 111 U. S. 110, 111.) The dee l of assignment conveys all the property of the assignors. A similar deed was upheld by the supreme court in

*McCulloh* v. *Price, supra,* and it is the form of deed of assignment that has always been used in this state and in the territory prior to its admission.   In *Forbes* v. *Scannell, supra,* one of the partners made an assignment of all his individual property and the property of the firm, and directed that his individual debts and the firm debts be paid *pro rata,* and the court upheld the assignment.   (See 1 Lindley on Partnership, 334; Bates on Partnership, § 824; Story on Partnership, § 358; *Krueger* v. *Speith,* 8 Mont. 482; *Case* v. *Beauregard,* 99 U. S. 119; *Fitzpatrick* v. *Flannigan,* 106 U. S. 648; *Schmidlapp* v. *Currie,* 55 Miss. 597; 30 Am. Rep. 530.)

DE WITT, J.—The defendant, Steele, is an assignee for the benefit of the creditors of Hanley and Carter.   The plaintiff, Kleinschmidt, is a creditor of Hanley and Carter.   Plaintiff brought this action in the district court against the assignee and the assignors.   A demurrer to the complaint was sustained, on the ground that the same did not state facts sufficient to constitute a cause of action.   The appeal is taken from the judgment.

Different counsel for plaintiff and appellant appear in this court than in the district court, and there is not entire harmony in their views as to the nature of the action or the relief which plaintiff shows himself entitled to under the allegations of his complaint.   But we will first examine the prayer of the complaint and ascertain whether matter is set up in that pleading entitling the plaintiff to the relief asked in the prayer.   The prayer is as follows:

"WHEREFORE plaintiff prays, on behalf of himself and the other creditors of said firm, that the above-named assignee, A. J. Steele, be required to forthwith make and file in this court a schedule of the assets of said assignors which have come into his hands; 2. That he be required to give bonds in such sum as may be fixed by this court, and to such person as the court may designate, for the faithful discharge of his duties as assignee; 3. That he be required to deposit in the Montana National Bank of Helena, Montana, such moneys as he receives as assignee; 4. That the court interpret the meaning and significance of said assignment, and by an order authorize

said Steele to pay the creditors of said firm *pro rata* in accordance with the amounts of their several claims, and that the court further declare that there are no valid preferences mentioned and specified in said assignments; 5. For such other and further relief as to the court may seem meet and equitable in the premises; 6. That the court take immediate jurisdiction and cognizance of this assignment, and, by proper orders entered from time to time, as above set forth, equitably administer upon the rights of the parties interested in the assets of the said assignors."

As to the first item of the prayer, that the assignee should be required to make a schedule of inventory of the assets: the only matter in the complaint upon this subject is the statement that the plaintiff is informed and believes that the assignee has not made an inventory. It is not alleged, even on information and belief, that no inventory has been made. It is not alleged (nor is it even alleged that plaintiff is informed and believes) that it had been requested. All that appears is that plaintiff had some information, which he believed, that the inventory was not made. He could easily have verified his information. He can scarcely expect the court to set its machinery in motion to do for him that which, for all that appears, may have been already done, and which, in any event, he could have had for the asking.

The same views may be expressed as to the plaintiff's prayer that the assignee deposit all moneys which he collects in the Montana National Bank. It appears by the complaint that the Montana National Bank was a large creditor of Hanley & Co., and that the bank offered, in effect, to remit certain interest on their account if the assignee would deposit his collections with the bank. The complaint does not state that the assignee is not so depositing them already.

The plaintiff asks that the assignee be required to give a bond. But the allegations in support of this prayer are in about the same condition as those above discussed. There is no allegation whatever of the assignee's financial condition, nor any statement that he is not amply able and willing to account for all of the assets of the assignment.

As to the fourth item of the prayer plaintiff wishes the

assignment interpreted, and that the court order Steele to pay the creditors *pro rata* instead of by preferences. This prayer is based upon the fact that the assignment is made with preferences, and refers to the schedule "A" annexed to the assignment, which contains the preferences, whereas, the fact is that the schedule of preferences annexed is called " B" instead of "A" But there is only one schedule annexed to the assignment, or referred to therein, and there is no possibility of mistaking what the schedule is. This we believe is purely a clerical error and wholly immaterial, and by no possibility misleading to any one.

We do not think that the complaint shows ground for granting any of the relief set out in the prayer.

But the prayer of an equity pleading does not conclude the pleader, and he may have such relief as he shows himself entitled to. (*Davis* v. *Davis,* 9 Mont. 267.)

Counsel now call our attention to other matters in the complaint which they claim entitle plaintiff to relief. One is that the court fix the compensation of the assignee at some reasonable sum. This they ask because the complaint alleges that plaintiff is informed that the assignee stated that he had accepted the assignment for the purpose of making such profits as were possible. There is no showing that the assignee stated that he intended to make any unjust or wrongful profits, or that he threatened to. In fact there is no allegation about it at all. There is nothing but the allegation that plaintiff is informed that the assignee made this statement. And he does not even say that he believed this information.

There is much in the brief and argument of the later counsel in this case to the effect that the complaint shows that the assignment was fraudulent. We do not concede that the complaint makes such a showing, but, without discussing that matter, the fact is, that the plaintiff stands upon the assignment, he affirms it, and asks to have it administered and carried out. As noted above, he wishes an inventory filed, a bond given, compensation fixed, and he wishes to have a *pro rata* share, without preferences, as set out in the assignment. He certainly cannot ask the court to enforce the assignment in all

respects but in one particular, and at the same time claim that it was fraudulent.

We are satisfied that the complaint does not, in any respect, state a cause of action against either the assignee or the assignors. The judgment is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.

Mr. Justice HUNT, having tried this case as district judge, does not participate in this decision.