ANACONDA COPPER MINING CO., APPELLANT, *v.* THOMAS, RESPONDENT.

(No. 3,284.)

(Submitted October 23, 1913: Decided November 7, 1913.)

[137 Pac. 380.]

*Quieting Title—Answer—Adverse Possession—Reply—Equity—Pleadings—Prayer.*

Quieting Title—Answer—Adverse Possession—Failure to Reply—Judgment on Pleadings.
    1. Allegations of the answer, in an action to quiet title, setting up title by prescription "to the lands described in the complaint herein," required a reply, in default of which defendant was entitled to judgment on the pleadings.
Same—Equity—Pleadings—Prayer not Conclusive.
    2. In a suit in equity the pleader is not concluded by his prayer, nor by the form of his pleading; hence, defendant, in an action to quiet title, though not asking for affirmative relief in his answer setting up title by prescription in himself, which allegation stood admitted by

failure to reply, was nevertheless entitled thereto, and, the pleading having been sufficient in form, judgment on the pleadings was proper.

Same—Adverse Possession—Admission by Failure to Reply—Effect.

3.    By failure to reply to a claim of adverse possession for the statutory period, plaintiff admitted that the lands in controversy were such as to permit of possession of the character alleged by defendant, and was estopped to assert on appeal that they were unsurveyed and therefore not subject to such possession.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

ACTION by the Anaconda Copper Mining Company against Charles Thomas. Judgment on the pleadings in favor of defendant; defendant appeals from an order denying a motion to vacate and set aside the judgment. Affirmed.

*Mr. Elmer E. Hershey,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Tolan & Gaines,* for Respondent, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Suit by appellant to quiet title to the south half of the southwest quarter of section 25, township 12 north, range 16 west, Missoula county, Montana. The complaint alleges that plaintiff is the owner of the land; that defendant, without right, claims some estate or interest therein; and that such claim casts a cloud upon the title of plaintiff. The prayer is that the defendant be required to set forth the nature of his claim; that the same may be adjudged null and void; that the defendant be enjoined from asserting such claim; and that plaintiff have its costs and such other relief as may be meet and equitable. The defendant's answer, after admitting that he claims some title, right and interest in the land and denying the other allegations of the complaint, contains the following "further and separate answer and defense": "This defendant avers that ever since the 20th day of March, 1901, this defendant has been and yet is in the actual, open, peaceable, uninterrupted, exclusive, undis-

turbed, adverse and hostile possession of the lands described in the complaint herein, holding and claiming to own the same by reason of said possession of land, exclusive of any other right as against the world." The prayer of the answer is that the plaintiff take nothing, and that the defendant have his costs. No demurrer, reply, or other pleading to the answer was ever filed, and the defendant, after the time for filing reply expired, caused the default of plaintiff to be entered. Thereafter, on motion duly noticed, the court entered judgment for the defendant upon the pleadings. In this judgment it is ordered, adjudged, and decreed that the plaintiff take nothing by its action; that defendant have his costs; and that the claim of defendant to the premises "shall be and is hereby declared to be established, and    *    *    *    that the title to and the right of possession of said above-described premises shall be and the same is hereby forever quieted in and to the defendant Charles Thomas as against the claims of plaintiff," *etc.* After the entry of judgment the plaintiff filed a motion to vacate and set it aside, which was denied. This appeal is from the order denying that motion.

The contentions of appellant are: (1) That the so-called "further and separate answer and defense" does not contain any matter requiring a reply; (2) that it is ineffective to support the judgment as rendered; and (3) that it is ineffective to support any judgment at all.

1. As a matter of pleading, the allegations of defendant's [1] "further and separate answer and defense" were such as to require a reply, and, since none was filed, he was entitled to have judgment entered without other proof than the pleadings. (Rev. Codes, sec. 6562; *State* v. *Quantic,* 37 Mont. 32, 94 Pac. 491; *State ex rel. Montana C. R. Co.* v. *District Court,* 32 Mont. 37, 79 Pac. 546.) This conclusion is not affected by the reference to the lands in question as "the lands described in the complaint herein," instead of by legal description, since it not only could not mislead but served every substantial purpose attainable by a repetition of the description.

2. The plaintiff, asserting that the defendant claimed some right to the land which operated to cloud its title, brought him into court, demanding that he set forth the nature of his claim. He did so, and, if the statement of new matter contained in the answer and admitted by failure to reply wás such as to entitle [2] him to any relief, it was the duty of the court to grant whatever relief he was entitled to upon such statement. (Rev. Codes, sec. 6562; *State* v. *Quantic, supra*.)  Disregarding questions of form, the new matter alleged in the answer is confessedly sufficient to support the affirmative relief awarded; but the contention is that such relief was not warranted here because there was no formal plea for it.  If the action were at law, the want of a counterclaim complete within itself would be fatal; but the action is in equity, and the pleader is not concluded by his prayer (*Gillett* v. *Clark*, 6 Mont. 190, 9 Pac. 823; *Leopold* v. *Silverman*, 7 Mont. 266, 16 Pac. 580; *Davis* v. *Davis*, 9 Mont. 267, 23 Pac. 715; *Kleinschmidt* v. *Steele*, 15 Mont. 181, 38 Pac. 827) nor by the form of his pleading (*Davis* v. *Davis, supra*). "It is a settled rule of equity practice that when the court has before it all the parties to any difference, and when it has obtained complete jurisdiction of the whole subject matter, it will finally settle the whole controversy." (*Davis* v. *Davis, supra*.)  Under this rule, the new matter set up in the answer was sufficient to support the decree. (*Davis* v. *Davis, supra; Walker* v. *Burks*, 48 Tex. 206; *Chicago etc. Land Co.* v. *Peck*, 112 Ill. 408; *McCormick* v. *District of Columbia*, 18 D. C. (7 Mackey) 534; *Sale* v. *Crutchfield*, 8 Bush (Ky.), 636.)

3. The contention that the answer is insufficient to sustain any judgment is based upon the assumption that judicial notice must be taken that the lands in question were unsurveyed and therefore not subject to adverse possession within the period of ten years next preceding the commencement of this action.  As we view the case, determination of this question and others involved in it is unnecessary.  The defendant alleged that he [3] had since March 20, 1901, been "in the actual, open, peaceable, uninterrupted, exclusive, undisturbed, adverse and

hostile possession" of the lands in question, and all this, precisely as pleaded, the plaintiff admitted by failure to reply. This admission was as complete and effective as if it had been made in set terms, and it necessarily admitted that the lands were such as to permit possession of the character alleged by the defendant, during the entire period mentioned. The plaintiff cannot now say, under the shield of judicial notice or otherwise, that such was not the fact.

The decree of the district court is not vulnerable to any of the objections urged by the appellant. Accordingly it is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

Rehearing denied December 29, 1913.