[Civ. No. 9327. First Appellate District, Division Two.—April 27, 1934.]

EDITH FOSTER NEEL, Appellant, v. WM. C. RAMELLI et al., Defendants; THOMAS S. MOLLOY, Respondent.

Blackstock & Rogers, Sheridan, Orr, Drapeau & Gardner, Louis C. Drapeau and C. F. Gerard for Appellant.

Thomas S. Molloy, *in pro. per.*, for Respondent.

NOURSE, P. J.—This appeal presents a controversy over the title to a narrow strip of land at the common boundary line of two Mexican grants in Ventura County—the Rancho Ex-Mission of San Buenaventura and the Rancho San Miguelito. The disputed strip is divided into ten separate parcels of land described in the evidence as A–X to K–X inclusive. Plaintiff is the owner of lot H, of which the disputed parcel H–X is claimed to be a part. Immediately prior to the commencement of the action she took quitclaim deeds from the adjoining owners of the other nine disputed parcels for the purpose of bringing the suit. The owners of the San Miguelito Rancho were joined as parties defendant for the purpose of establishing the boundary line between the two ranchos. Thomas S. Molloy was joined as party defendant as he claimed the greater part of the disputed strip. Before trial the issues were severed and the plaintiff took judgment against the owners of the San Miguelito Rancho establishing the boundary line upon the line surveyed by one Terrill and designated on all the maps as the "Terrill line". That judgment has become final.

In the trial of the case from which this appeal is taken evidence was produced showing that in both grants the common boundary line was the thread of the San Buenaventura River; that the Terrill survey was made in 1860; that in 1862 the then owners of the Rancho Ex-Mission caused a survey to be made by one Leighton, who prepared a map dividing the rancho into subdivisions described by metes and bounds; that this map was duly filed and by reference to it all the parcels were sold to plaintiff's predecessors in interest; that in 1895 the then owners of the Rancho San Miguelito caused their property to be surveyed by one Barry; that the lines of these three surveys are not in accord. The Terrill line is the westerly boundary of the

disputed strip, the Leighton line is the easterly boundary, while the Barry line is in between both. The defendant Molloy claims as the residuary of a deed of trust created by the owners of the Rancho Ex-Mission for the subdivision and sale of the rancho. His claim is based upon the theory that, as all the parcels of the Rancho Ex-Mission were sold by metes and bounds and according to the Leighton map, the portions of the rancho not included in these lots went to him as grantee of all the "remaining right, title and interest . . . in . . . any fractions of parcels" of the rancho as the same was confirmed by United States' patent.

The issues as confined to the present appeal are: The common boundary line between the two ranchos is conceded to be the Terrill line; the disputed parcels lie between the Terrill and the Leighton line; plaintiff claims that her predecessors in interest acquired all the property running to the common boundary line; defendant Molloy claims that they acquired the property described on the Leighton map only because their purchases were made dependent upon the map and that he, as residuary, acquired the disputed strip as property undisposed of to these purchasers.

The amended judgment confirmed title in plaintiff to parcels A–X, B–X, C–X, G–X, H–X, and J–X, and to portions of parcels E–X, F–X and I–X. Portions of parcels E–X, F–X and I–X and all of parcel K–X were awarded to defendant Molloy. On November 4, 1929, the defendant Molloy gave written notice of appeal from certain designated portions of the judgment. That appeal is presented separately in cause number 9326 filed herewith (*post*, p. 366, 32 Pac. (2d) 177]). On November 6, 1929, the plaintiff gave written notice of her intention to appeal "from the judgment" under the provisions of section 953a of the Code of Civil Procedure.

Though the appeal is thus taken from the entire judgment appellant's brief seems to be in support of rather than against the judgment. She makes no assignments of error. She states that three issues were involved in the proceeding. As to the issue "adverse possession and judgment", she reserves for further discussion the findings favorable to her and states that she would not have appealed from the judgment favorable to Mr. Molloy if he had not taken an appeal.

As to the issue of "paramount title" she concedes that the parties claim from a common source of title as of January 23, 1866, and that her predecessors in interest acquired their title through deeds describing the properties by metes and bounds with reference to the Leighton map. This is the same position with respect to the record title that the respondent Molloy takes. The difference in their positions is this: the respondent relies on the line of the river delineated on the map as the boundary of each parcel conveyed and supports his position by reference to the metes and bounds descriptions in the deeds. The appellant argues that this line was a meander line only and that the parties intended to convey to the thread of the stream notwithstanding the metes and bounds descriptions were short of that point as afterwards established. The issue was fairly tried by the trial court and, as the appellant has not pointed to any error, we will accept the court's finding.

As to the issues of the "Argabrite Title", covering parcel K–X, appellant frankly concedes that "the lower Court properly sustained objections as to the muniments of title in the plaintiff . . . because at the time of the commencement of the action the plaintiff was not the owner of any part thereof". She then states that before trial a corrected deed was executed but that this deed "did not correct the difficulty which the plaintiff faced". ▮ Our attention is not directed to any finding which is objected to nor to any evidence which would support a finding favorable to appellant. If an appellant can find no error we will not search for it.

For the reasons stated herein and for the further reasons stated in the opinion on the companion appeal the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.