McCauley, respondent, *v.* Gilmer, appellant.

PLEADING IN EJECTMENT — *proper allegations of complaint — sham denials.*
> The complaint in this case alleges that plaintiff is seized in fee and entitled to the immediate possession of a certain tract of land; that defendants are in the possession and withhold the same from the plaintiff, and that plaintiff has been damaged in the sum of $300. The answer denies

the right of the plaintiff to the possession, and the wrongful withholding of the property, and that plaintiff has been damaged. *Held,* that the complaint states a good cause of action; that the answer is sham and irrelevant, and that judgment was properly rendered for the plaintiff upon the pleadings.

*Appeal from Third District, Lewis and Clarke County.*

The judgment was rendered by Wade, J.

E. W. & J. K. Toole, for appellants.

The complaint alleges that respondent is "seized in fee" and "entitled to the immediate possession" of the property in dispute. The former allegation is immaterial, and appellants were called upon to answer as to right of possession. *Boles* v. *Cohen,* 15 Cal. 150; *Stark* v. *Barrett,* id. 361; *Grady* v. *Early,* 18 id. 108; *Hubbard* v. *Barry,* 21 id. 321.

No eviction is charged. The law presumes that appellants were rightfully in the possession. The complaint should state the facts constituting respondent's right of possession, and show a demand for the premises. The allegation of a seizure in fee is a legal conclusion that need not be answered with strictness and certainty.

Our statute does not contemplate judgment upon pleadings in this way. Respondent should have demurred to the answer or moved to strike it out. The conclusions in the answer are not frivolous, although, perhaps, not aptly pleaded. The whole answer must be sham and irrelevant. *Ghirardelli* v. *McDermott,* 22 Cal. 539; *Gay* v. *Winter,* 34 id. 161.

The simple allegation of a wrongful withholding is bad. *Payne* v. *Treadwell,* 5 id. 311.

The right to the remedy of forcible entry, or unlawful detainer, by a disseisor, depends upon the fact of notice to quit and demand. *Payne* v. *Treadwell,* 16 Cal. 243; *Boles* v. *Weifenback,* 15 id. 144; *Collier* v. *Corbett,* id. 185.

Cullen & Comly, for respondent.

The denials raise no material issues, and are insufficient. They deny conclusions of law resulting from facts stated in the complaint. 2 Estee's Pl. 660, and cases there cited.

If no adverse title be shown, recovery may be had without showing right of possession.    *Wilkes* v. *Elliot*, 5 Cranch's C. C. 611.

The denial that appellants wrongfully and unlawfully hold possession is an admission.    *Busenius* v. *Coffee*, 14 Cal. 93 ; *Lay* v. *Neville*, 25 id. 549.

The right to the possession depends upon the title.    *Holden* v. *Andrews*, 2 Estee's Pl. 225 ; *Marshall* v. *Shafter*, 32 Cal. 194.

The answer does not raise the question of adverse possession, or authorize a recovery for appellants upon this ground.    *Ford* v. *Sampson*, 8 Abb. Pr. 332.

The denial of damages does not raise a material issue in this case.    The law presumes some damage from every wrongful interference with the property of another, and respondent was entitled to the nominal damages, as the answer showed no claim of right to the premises in dispute.


Servis, J.    The complaint in this action avers :    That the respondent is seized in fee and entitled to the immediate possession of certain land therein described ; that appellants are in possession and withhold the same to his damage in the sum of $300.

The appellants demurred to the complaint for want of sufficient facts therein stated.    The demurrer was overruled by the court, and the appellants excepted and thereafter answered, admitting that the title was in the respondent, but denying the respondent's right of possession, the wrongful withholding of the same, and the damages.

The respondent thereupon moved for judgment upon the pleadings, because the answer was sham and irrelevant.    The court sustained the motion, and without a trial rendered judgment for the possession to the respondent and damages in the sum of $1.

I have heretofore maintained, in a dissenting opinion in the case of *Sands* v. *Maclay*, *ante*, 42, that this mode of practice is improper ; but the majority of this court thought otherwise, and the same must be observed as the law until it is reversed.    It only remains for us to determine the sufficiency of the pleadings in the case, which consist of the complaint and answer.

Upon an examination of all the authorities which have been

cited by counsel, we are inclined to follow the ruling of the supreme court of California in *Payne* v. *Treadwell*, 16 Cal. 220. The only facts which are necessary to be alleged in a complaint of this character are, that the plaintiff is seized in fee, or for life, or for years, as the case may be; that the defendant was in the possession at the time of the commencement of the action; and that he withholds the possession of the same. The complaint in the case at bar contains these necessary allegations, and is therefore sufficient for the maintenance of this action.

The answer denies the right of the respondent to the possession, the wrongful withholding thereof, and the damages. These are conclusions of law, which must be derived from the facts that are to be proved, and do not constitute issues joined by pleading. They are, therefore, what the legislative assembly has denominated sham and irrelevant. The judgment of the court below is affirmed.

*Judgment affirmed.*