## W. W. WALKER v. J. H. BURKS, ADM'R, &c.

1. INJUNCTION.—A general allegation, that an administrator, represented in a general way at a public sale of land claimed as belonging to the estate, that the estate had good title to the same, with nothing more alleged to show any deception intended or accomplished by the administrator, is not sufficient, in a petition by the purchaser, to authorize the issuance of an injunction to enjoin a sale of the land, under a trust deed, to satisfy the purchase-money notes.

2. OFFSET.—See facts held insufficient to establish an offset to a note given at an administrator's sale.

3. PRACTICE—EVIDENCE.—F brought suit by injunction to restrain an administrator from selling land under trust deed to satisfy a note held by the administrator against F for the purchase-money; the note was described in F's petition, and the facts of its execution stated. The administrator, in his answer, prayed for judgment on the note. At the trial, the injunction was dissolved, and, the cause being submitted to the court, a judgment was rendered for the administrator on the note, though the same was not offered in evidence: *Held*, That it was unnecessary for the administrator to set out the note, or formally declare on it in his answer, or to offer it in evidence, and there was no error.

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

Wolf W. Walker obtained an injunction, in 1871, against Joseph H. Burks, administrator of the estate of Murray, restraining him from the collection of a note, on a petition, which contained, among other things, the following averments, viz.: He alleged, that in March, 1870, Burks, as administrator, sold at public vendue, on a credit of twelve months, a tract of land, which he described; that plaintiff Walker became the purchaser, at the sum of $1,600, for which his note was given, as also a deed of trust to secure its payment; that, on the day of sale, "the said Burks represented and caused to be represented to your petitioner, and to others, that the estate of his intestate had a good and perfect title to the said tract of land"; that Burks "never produced any title to said land whatever"; that petitioner "is

informed and believes, and so charges, that the said defendant, as administrator, at the date of said sale, had no title to said land, and has not since acquired any"; that the petitioner was the owner of a judgment against defendant's intestate for $493.07, on which, with interest, was due $965.69; that said judgment constitutes a preference lien on the land sold, which Burks, the administrator, refused to allow; that said claim was properly probated; that the recitals in his deed, that the sale had been confirmed, were false; that the "representations and inducements" made at the sale by the administrator "were false, and misled" the plaintiff; that, relying on the said representations of Burks, plaintiff took possession of the land, "made large improvements, and is now occupying the same"; that said land has been advertised for sale under the trust deed, &c.; and that the same will be sold, unless prevented by injunction.

The petition concludes with a prayer for injunction, which was granted.

The answer of Burks contained general exceptions to the petition, a general denial, and a specific denial, under oath, of the charge of misrepresentation regarding title. It averred the existence of title in the estate at the time of sale, and prayed for judgment against Walker on the note, which was not set forth or described in the pleadings of either party, otherwise than by date and amount. The answer further set up the insolvency of the estate, and denied that the judgment of the plaintiff was a lien on the land.

It was proved, on the trial, that the plaintiff was fully advised of the true character of the administrator's title at the time of the sale, the same consisting of a deed to the defendant's intestate, which had been lost, though the note, to restrain the collection of which the suit was brought, does not appear to have been offered in evidence. It was also shown that the estate was insolvent, and that the purchase-money note was the only resource to meet preferred claims. A jury being waived, judgment was rendered for plaintiff, Walker,

for the land,—"that the title to the same be divested out of said estate, and vested in the plaintiff, W. W. Walker." It also perpetuated the injunction as to the deed of trust "and proceedings thereunder." Judgment was also rendered for defendant for the purchase-money note, but no provision was inserted which made the land subject to its satisfaction.

Walker appealed, and assigned for error—

1. Dismissing plaintiff's claim on his probated judgment, claiming a lien on the land, and an offset for that amount.

2. The fact that the note was not produced, which had been executed for purchase-money, nor its absence accounted for.

3. That the judgment is not responsive to the pleadings.

[No briefs for appellant have reached reporters.]

*J. H. Clark* and *A. M. Taylor*, for appellee.

ROBERTS, CHIEF JUSTICE.—It is obvious, from a consideration of the whole case as it is presented in the record, that the plaintiff had no good ground for suing out the injunction, and that the same should have been dissolved and the petition dismissed upon the exceptions of defendant. The allegation that the administrator represented, in a general way, that the estate had a good title to the land being sold, with nothing more alleged to show any deception intended or accomplished on his part, was not sufficient to set aside the sale.

The allegations of an offset to the note constituted no defense to it. The judgment set up constituted no specific lien upon the land, and there were no facts stated in the petition which showed a right in the plaintiff, on account of being the owner of the judgment, to arrest the ordinary course of proceedings in the administration of the estate in the Probate Court.

Appellant complains that the judgment of the court goes

beyond what was sought by either or both of the parties, as indicated in their pleadings. That may be so. But the question here is,—Has the appellant complained of anything in the judgment that is to his prejudice? The appellee has not assigned errors, and seems to be satisfied with the judgment. The appellant does not complain that the court rendered a judgment for him for the land, and for part of the costs, but that the court rendered a judgment against him, and in favor of appellee, on the note, when the appellee had not declared on the note in his answer, and had not adduced it in evidence before the court on the trial.

The answer to this is, that appellant brought a suit in the nature of a bill in equity; that he set out the substance of the note and the object of its execution, and sought, upon facts stated, to have an offset allowed to part of the note, if he did not get rid of the payment of the note entirely, and to stop the sale of the land, being then about to be made under a deed of trust given by him to secure the payment of the note.

The appellee pleaded other facts in answer to those set up by the appellant, and prayed for judgment in his favor for the amount due upon the note. Had the offset been allowed as claimed by the appellant, the court must have rendered a judgment for the balance on the note, or otherwise settled the equities between the parties, with reference to the note, set up by the appellant. The note being the main matter in controversy involved in this equitable proceeding, and being correctly stated by the appellant, and the appellee so recognizing it by asking judgment upon it upon a trial of the case upon its merits, it was unnecessary for the appellee either to set out the note and formally declare on it in his answer, or to offer it in evidence, being admitted in the pleadings, and no question being raised upon its existence, execution, or ownership.

AFFIRMED.