[Civ. No. 8265. First Appellate District, Division One.—July 26, 1932.]

LUCILE A. MERRILL et al., Respondents, v. JENNIE B. HOOPER et al., Defendants; JENNIE HOOPER ARNOLD, Appellant.

G. W. Nix and Victor R. Hansen for Appellant.

Charles L. Evans for Respondents.

OGDEN, J., *pro tem.*—This is an appeal from a judgment quieting title to a triangular parcel of real property, improved with a building, situated on the northwest corner of Thirty-third and Hooper Avenues in the city of Los Angeles. The complaint is in the usual simple form, alleging ownership in fee in the respondent Lucile A. Merrill as her separate property. The answer denies ownership in respondents and alleges it to be vested in appellant. By way of affirmative defense the latter alleges therein that she has been in the adverse possession of the premises, under claim of title, for more than the five-year statutory period prior to the commencement of the action and that respondents' cause of action, if any there were, was barred by the provisions of sections 318, 319 and 322 of the Code of Civil Procedure. A cross-complaint containing corresponding allegations was also filed by appellant. The answer to the cross-complaint, in addition to denying the allegations

thereof, likewise set up the same provisions of the Code of Civil Procedure in bar of appellant's cause of action, if any had existed. The trial court found in favor of the allegations of the complaint and answer to the cross-complaint and adversely to those of the answer and cross-complaint.

The parcel involved was originally part of a large tract of land granted by United States patent to one Dalton in the year 1873. One J. W. Hooper, the successor in interest of Dalton, granted the southern portion of this tract to one Shattuck, through whom respondents claim record title, and the northerly portion to one A. L. Hooper, through whom appellant claims the record title. The controversy, which has been of long standing, arises out of a dispute as to the correct location of the dividing line of said northerly and southerly portions so conveyed. The same point of beginning is referred to in both the conveyance from J. W. Hooper to Shattuck and from J. W. Hooper to A. L. Hooper, it being designated as the intersection of two line fences, which had, long prior to the present controversy, disappeared.

In an attempt to establish her record chain of title, appellant produced, at the trial, the testimony of a competent engineer, showing, pursuant to a survey made by him, the property in question to be included within the northerly portion of the original tract as conveyed to her predecessor in interest. The survey made by this witness was, however, based upon the identification, by appellant to him, of the locations of the original monuments in accordance with her recollection thereof. Especially in view of the fact that the testimony of appellant at the trial was in sharp conflict with that of respondents, the trial court was therefore not bound by this evidence.

Respondents, in so far as tracing their chain of record title is concerned, contented themselves with the introduction in evidence of the various deeds, from the one in which respondent Lucile A. Merrill is named as grantee back to the deed from Hooper to Shattuck above referred to. However, since there was no evidence offered tending to show the location of the property in question with reference to the descriptions contained in the earlier deeds and the inclusion of the former in the latter, these conveyances

were not sufficiently helpful to establish respondents' title by virtue of them.

We are, however, satisfied that there was sufficient evidence offered by respondents to establish title by adverse possession. As heretofore stated, the evidence in this regard was conflicting. The trial court, having determined title to be in respondents, we must assume, resolved that conflict in their favor, and on appeal this court is concluded thereby.

The evidence offered by respondents showed that, as far back as the year 1913, appellant knew that one Stimson, a predecessor in interest of respondents and who constructed a building and fence upon the property, claimed ownership adversely to her; that on January 12, 1918, Mrs. Merrill acquired a deed thereto from one Woodbury, the immediate successor in interest of said Stimson; that at the time of acquisition of this deed the property was vacant but that respondents immediately attempted to rent it and soon did, for a short period, as a store; that in 1919 they leased it for purposes of a cigar factory for one year, it being so occupied for several months; that in September or October, 1920, respondents rented the premises to one Miller who occupied them as tenant and later as purchaser under contract from Mrs. Merrill until he was evicted in October, 1924, by legal proceedings commenced by her; that the building was then locked up and for sale or rent signs displayed thereon, respondents maintaining an endeavor to secure a new tenant.

The testimony of appellant with reference to possession of the premises from 1918 to 1924 was rather meager. She testified that it was unoccupied in 1918 and 1919; that in 1920 she authorized the same Miller, whom respondents claimed as a tenant and purchaser under contract, to occupy the premises without payment of rent and that it was so occupied until 1924; that she subsequently rented it to a Mrs. Capillo for three or four months, and then, in 1925, to a Mr. and Mrs. Garrison, the latter being in actual possession at the time of the commencement of this action on March 16, 1926.

The question of payment of taxes upon the property is not involved, as it is conceded that during all of the times men-

tioned they were assessed to and paid by both parties hereto.

It appears from the foregoing that the evidence is sufficient to establish respondents' continued occupation and possession of the premises, within the meaning of section 322 of the Code of Civil Procedure, for more than the required five-year period, to wit: From the early part of the year 1918, when respondents acquired their deed and first installed a tenant therein, until the latter part of the year 1924, when appellant, through her tenant, Capillo, effected a re-entry.

Respondents entered into possession under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question. (Sec. 322, Code Civ. Proc.) The possession by their tenants was their possession. (Sec. 326, Code Civ. Proc.) The temporary periods of vacancy, not evincing any intention of abandonment of possession, did not interrupt the continuity of their possession. (1 Cal. Jur. 554.)

The complaint, having alleged ownership in fee, was sufficient to present the question of title by adverse possession. (1 Cal. Jur. 620; *Garbarino* v. *Noce,* 181 Cal. 125 [6 A. L. R. 1433, 183 Pac. 532].)

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 25, 1932.