[Civ. No. 9326. First Appellate District, Division Two.—April 27, 1934.]

EDITH FOSTER NEEL, Respondent, v. WM. C. RA-MELLI et al., Defendants; THOMAS S. MOLLOY, Appellant.

Thomas S. Molloy, *in pro. per.*, for Appellant.

Blackstock & Rogers, Sheridan, Orr, Drapeau & Gardner, Louis C. Drapeau and C. F. Gerard for Respondent.

NOURSE, P. J.—This is a companion case to *Neel v. Ramelli*, No. 9327 (*ante*, p. 362 [32 Pac. (2d) 175]). The trial court found adversely to appellant as to certain parcels of the land in dispute and appellant has directed his appeal

to the portions of the judgment covering such findings. Many issues are raised which are discussed at great length, appellant's brief consisting of more than eight hundred pages. We will endeavor to limit these issues to such as we deem essential to a determination of the controversy.

Appellant urges that the evidence is insufficient to support the finding that plaintiff acquired the strip lying between the Barry line and the Terrill, or grant, line by adverse possession. By a reference to the statement of facts in the other opinion it will be recalled that the boundary line between the two ranchos was the thread of the San Buenaventura, a typical Southern California stream which was dry the greater part of the year and which changed its bed frequently, depending upon the extent of winter storms. In the original survey in 1860 this boundary line was fixed by what is called the Terrill line which is the most westerly of the three survey lines covering the land in dispute. In 1862 the subdivision survey was made and the Leighton line established. This is the most easterly line. In 1895 the Barry line was established and this cuts the disputed strip approximately in the middle.

The issue between the parties to this appeal arises in this way: The plaintiff is the successor in interest to purchasers of the Leighton subdivision of the old Rancho Ex-Mission and her record title runs to the Leighton line. Defendant Molloy claims under a quitclaim deed to all the residue of that rancho. Hence, if the strip lying west of the Leighton line did not pass to plaintiff and her predecessors in interest it is claimed by this defendant under this deed. Further narrowing the issues on this appeal we find that the trial court found that the extreme western boundary of plaintiff's record title was the Leighton line; that the true grant line or boundary between the two ranchos was the Terrill line; that the defendant Molloy had record title under his deed to the strip lying between these two lines, but that plaintiff had acquired title by adverse possession to certain parcels of this strip.

The last finding is the only one that presents a material controversy on this appeal. The finding relative to plaintiff's record title is not attacked here and was not attacked in plaintiff's appeal from the judgment in a manner which would justify a determination of the issue. In

establishing the Terrill line as the true grant line, the trial court satisfied both parties. The finding covering defendant Molloy's record title was not attacked in plaintiff's appeal from the judgment and is not included in the portions of the judgment from which this appeal is taken. It must, therefore, be deemed a matter adjudicated and not open to controversy on this appeal. This leaves for discussion the finding that plaintiff acquired title to certain portions of the disputed strip by adverse possession.

As to parcel A–X the evidence is that the property was fenced to the grant or Terrill line from 1898 to 1914 when the fence was taken out by a flood, but that a new fence was then erected; that gum trees had been planted on this parcel in 1884, and the whole tract was used for pasture; that all taxes assessed to the property were paid by plaintiff or her predecessors in interest. There was no conflicting evidence and the finding is conclusive. Parcels B–X and C–X were awarded to plaintiff on similar findings as to adverse possession. Parcel E–X was divided between the parties. The findings covering these three parcels are not attacked. As to parcel F–X the evidence of adverse possession of the portion east of the railroad awarded to plaintiff is clear. Plaintiff's predecessor in interest held the property under intensive cultivation and paid all taxes assessed to it since 1912. The award of the portion west of the railroad to appellant is not open to attack on this appeal because the appeal is limited to the properties described in paragraph one of the decree in which this parcel is not included.

The findings covering parcels G–X, H–X and I–X are all attacked on the same grounds. Appellant makes two points in his attack upon these findings—one that the railroad right of way running through these tracts destroys the claim of exclusive possession, and two, that plaintiff could not recover as an adverse claimant because she did not specially plead such claim. The easement of this railroad did not follow any one of the survey lines which are the subject of this litigation. It was apparently granted by plaintiff's predecessors in interest without any intention of abandoning property to the west of it. In any event the possession of plaintiff here was a question of fact for the trial court to determine.

■ As to the second point, the complaint pleaded ownership in plaintiff. The appellant now argues that plaintiff could not offer evidence of adverse possession without affirmatively pleading all the elements of adverse possession and that the findings on that claim are outside the issues. *Richert* v. *City of San Diego,* 109 Cal. App. 548 [293 Pac. 673], holds that it is not necessary to find on all the elements essential to make the possession adverse—that the ultimate fact of title is sufficient. For the same reason the general allegations of the complaint should be sufficient to raise the issue. But, if not, the appellant was not prejudiced because he was fully apprised of the issues to be tried and was given ample opportunity to present his defense.

Parcel J–X involves what is termed the Akers title: The entire parcel was awarded to plaintiff. It is precisely the same land as that involved in *Taylor* v. *McConigle,* 120 Cal. 123 [52 Pac. 159]. In the record title under which plaintiff claims this parcel, the description calls as its west boundary line the easterly grant line of the Rancho San Miguelito. In the McConigle case the court finally determined that, as to this particular parcel, the claimant held to the old Terrill line—that such line was the thread of the stream and the true grant line. That decision came down in 1898. Defendant Molloy took his deed to the residue of the Rancho Ex-Mission in 1907. Plaintiff produced evidence that she and her predecessors in interest had held possession of the entire parcel for more than thirty years and had paid all taxes assessed to the property.

Summing up the controversy between the respective parties in a review of the evidence at large we find that for more than fifty years a large part of the land in dispute lay idle, covered with rocks, gravel and debris from torrential rains and floods; that during all this period the plaintiff and her predecessors in interest paid all taxes assessed against the property believing that they owned to the center thread of the stream; and that the land in dispute was of no value until 1924, when oil was discovered under the river bed. Then new surveys were made and descriptions upon the assessment rolls were changed to accord with what the land owners claimed to hold. No taxes were assessed to or paid by the defendant Molloy covering

any of the land in dispute. And no claim of ownership was asserted by him until these proceedings were commenced.

We have not overlooked the points raised by appellant relating to the order of proof and the admission or rejection of testimony. We are mindful that the cause is in equity and was tried before the court without a jury. Every opportunity was given all parties to present their issues and these have been fully argued and considered in this appeal. Hence, without discussing these points separately, it is sufficient to say that we find no error which was prejudicial to appellant and that we think the decree conforms to the equities prevailing between the parties.

The portions of the judgment from which this appeal was taken are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1934.