FLATHEAD LUMBER CORP., ET AL., APPELLANTS, v. EVERETT ET UX., RESPONDENTS.

No. 9208.

Submitted March 25, 1953. Decided June 26, 1953.
Dissenting Opinion Filed November 18, 1953.
Supplemental Opinion Filed November 20, 1953.

263 Pac. (2d) 376.

Mr. Chief Justice Adair, dissented.

T. H. MacDonald, Kalispell, for appellants.

Moncure Cockrell and Robert J. Boyd, Kalispell, Charles V. Huppe, Helena, argued orally, for respondents.

Mr. MacDonald, Mr. Cockrell and Mr. Huppe argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs commenced this action to quiet title to 160 acres of land situated in Flathead County. The amended complaint which was filed on September 4, 1951, alleges ownership and actual possession by plaintiffs and that defendants, without right, claim some interest adverse to plaintiffs. It prays that defendants be required to set forth their claims and that they be determined to be without right and that it be declared that plaintiffs are the owners of the premises.

On November 20, 1951, defendants filed their answer, which consisted of a general denial and separate defense claiming ownership in defendants by adverse possession. They allege in the separate defense, actual, exclusive, open, visible, notorious, hostile, continuous and adverse possession ''for more than ten years last past.'' They prayed that plaintiffs be required to set forth the nature of their claims and that it be declared that defendants' title be quieted in them and that it be adjudged that they are the owners and that plaintiffs be declared to have no right, estate or interest in the property.

On January 8, 1952, defendants filed motion for judgment on the pleadings for want of a reply to the answer. On February 18th the default of plaintiffs for failure to file a reply was entered and the motion for judgment on the pleadings was heard. The motion was granted by an order signed April 11th and filed April 14th. Formal judgment was likewise filed on April 14th. Plaintiffs have appealed from the judgment.

While other questions have been argued in the briefs, the only question requiring consideration is that of whether the separate defense states facts sufficient to constitute a defense.

It is well settled that title by adverse possession is a good

■ defense in a suit to quiet title where the elements necessary to constitute adverse possession are established. 74 C. J. S., Quieting Title, sec. 43, page 67.

The statute relied on by defendants is R. C. M. 1947, sec. 93-2505, reading: "No cause of action, or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual, unless it appear that the person prosecuting the action, or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within ten years before the commencement of the act in respect to which such action is prosecuted or defense made."

Other statutes bearing upon the question are sections 93-2507, 93-2504 and 67-1203, reading:

"In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title for ten years before the commencement of the action." Sec. 93-2507.

"No action for the recovery of real property, or for the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question within ten years before the commencement of the action. No action for the recovery of dower can be maintained by a widow unless the action is commenced within ten years after the death of her husband." Sec. 93-2504.

"Occupancy for the period prescribed by Title 93 as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all." Sec. 67-1203.

It is to be noted that defendants did not plead that they had

been in the exclusive possession of the property in question for ten years before the commencement of the action, but alleged that they had been in possession for more than ten years last past. The allegation was made in the answer which was filed more than two months after the amended complaint was filed. The record does not reveal when the action was commenced, but of necessity it was commenced some time before the filing of the amended complaint.

The most that can be said by failure to reply is that plaintiffs admitted the possession for ten years before the answer was verified. The rule is that the bringing of an action against one in adverse possession disputing his title arrests the running of the statute. Welner v. Stearns, 40 Utah 185, 120 Pac. 490, Ann. Cas. 1914C, 1175; 2 C. J. S., Adverse Possession, sec. 127 (3) c, page 684; sec. 153 b, p. 723. And see Northern Pac. R. Co. v. Cash, 67 Mont. 585, 216 Pac. 782.

During the pendency of the action defendants can acquire no new right as against plaintiffs by the mere fact that they remain in possession. 1 Am. Jur., Adverse Possession, sec. 180, p. 891; Breon v. Robrecht, 118 Cal. 469, 50 Pac. 689, 51 Pac. 33, 62 Am. St. Rep. 247; St. Paul, M. & M. R. Co. v. Olson, 87 Minn. 117, 91 N. W. 294, 94 Am. St. Rep. 693; Portis v. Hill, 30 Tex. 529, 98 Am. Dec. 481. It follows that a pleading of adverse possession by defendants for ten years is insufficient to constitute a defense unless it is alleged that the ten years were before the commencement of the action. Gates v. Solomon, 73 Ark. 8, 83 S. W. 348. And the ten-year period must have been completed at the time the suit was commenced, or it will avail defendants nothing. 2 C. J. S., Adverse Possession, sec. 166, note 49, page 740.

Defendants contend that the allegation is sufficient to admit proof that there was possession for ten years before the action was commenced. The question of what proof is admissible under the allegation cannot arise on a motion for judgment on the pleadings. DeVore-Norton v. Brotherhood of Locomotive Firemen, 132 Okl. 130, 270 Pac. 12, 60 A. L. R. 586.

On such a motion the pleadings alone may be resorted to. And for failure to file a reply plaintiffs must be held to an admission only of those matters which are pleaded.

An admission that defendants were in possession continuously ▉ for ten years before November 20, 1951, is not an admission that they had been in continuous possession for ten years before September 4, 1951, the day the amended complaint was filed or for ten years before the commencement of the action. It follows that the court erred in sustaining the motion for judgment on the pleadings and in entering judgment thereon for defendants.

The case of State v. Quantic, 37 Mont. 32, 94 Pac. 491, 498, is not in conflict with the views herein stated. In that case the answer claimed possession of a ditch and water right ''for more than ten years last past'' but the whole of the allegation was as follows: ''* * * that continuously since the 13th day of April, 1891, each year, and for more than ten years last past, this defendant and his grantors and predecessors in interest have been in the exclusive, open, notorious, and adverse possession of the said water ditch and water right * * *.'' The opinion does not show when that action was commenced but it must have been after 1906 because the complaint alleged that defendant in that year diverted the waters in question. Hence the answer in that case, alleging as it did, that defendant had been in possession continuously since April 13, 1891, necessarily averred that he had been in possession for more than ten years before the commencement of the action.

The judgment is reversed and the cause remanded with directions to set aside the order sustaining and to enter an order denying the motion for judgment on the pleadings and to permit defendants to amend their answer if they so desire tendering the issue of adverse possession for ten years before the commencement of the action and to permit plaintiffs to file a reply thereto.

ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.

MR. CHIEF JUSTICE ADAIR, (dissenting).

This is a suit in equity brought by plaintiffs to quiet title to 160 acres of particularly described land.

Judgment on the pleadings was entered on motion of the defendants and plaintiffs have appealed.

There are only two specifications of error. Each presents a question of pleading. That the issue involved be better understood, plaintiffs' amended complaint and defendants' answer thereto, other than the formal parts thereof, are here set forth in full.

*Amended Complaint.* On September 4, 1951, plaintiffs filed an amended complaint, as follows:

"Amended Complaint

"Plaintiffs complain and allege, by way of an Amended Complaint

"I. That the plaintiff, Flathead Lumber Corporation, is now and at all times mentioned herein has been a corporation organized and existing under and by virtue of the laws of the State of Montana and that for many years last past all of the stock of such corporation has been and now is owned by the plaintiff, Willis C. March.

"II. That the plaintiffs are now the owners and actually in possession of and entitled to the possession of the following described real estate situate in the County of Flathead, State of Montana, to-wit:

"The North half of the Northeast Quarter and the East Half of the Northwest Quarter, of Section Twenty-nine, Township Twenty-seven North, Range Twenty-two West, M. P. M.

"III. That the said defendants claim and assert an interest therein adverse to the plaintiffs, and that the claims of said defendants are without any right whatever, and that the said defendants have not, nor has either of them, any estate, right, title or interest whatever, in said land or premises, or any part thereof.

"Wherefore, plaintiffs pray that said defendants may be

298

required to set forth the nature of their several claims, and that all adverse claims of the said defendants, or either of them, may be determined by a decree of this court; and that by said decree, it be declared and adjudged that said plaintiffs are the owners of said premises, and that the defendants, or either of them, has no estate or interest whatever in or to said land and premises; and also that the said defendants, and each and every one of them, be forever debarred from asserting any claim whatever in or to said land and premises adverse to the plaintiffs, and for such other and further relief as to equity shall seem meet, and for their costs and disbursements herein.''

*Demurrer.* On September 17, 1951, defendants served and filed a general demurrer to plaintiffs' amended complaint. By order filed November 5, 1951, such demurrer was overruled and defendants allowed twenty days in which to answer. The amended complaint clearly states facts sufficient to constitute a cause of action, hence the disallowance of the general demurrer was proper.

*Answer.* On November 20, 1951, and within the time allowed therefor, the defendants duly served and filed their answer to the amended complaint as follows:

''Answer

''Come Now the defendants in the above entitled action and answering the Amended Complaint of Plaintiffs on file herein admit, deny and allege as follows:

''I. As to the allegations in paragraph I on page one of said Complaint these defendants deny that they have any knowledge or information thereof sufficient to form a belief as to the truth of such allegations and therefore deny the same;

''II. Deny the allegations of paragraph II on page one of said Amended Complaint;

''III. Admit that these answering defendants do claim and assert an interest in and to the lands described in plaintiffs' complaint in that the defendants are the owners of, in possession of and entitled to the possession of the lands described in plaintiffs' complaint—The North Half of the Northeast Quarter and

the East Half of the Northwest Quarter of Section 29, Township 27 North, Range 22 West M. P. M.

"IV. Deny each and every allegation contained in plaintiffs' Amended Complaint not herein specifically admitted or denied;

"For a further and separate defense defendants allege:

"I. That the defendants are the sole and absolute owners in fee simple and entitled to the possession of the lands and premises, together with all tenements and hereditaments thereunto belonging, situate, lying and being in the County of Flathead and State of Montana to-wit:

"The North Half of the northeast quarter (N ½ NE ¼) and the East Half of the Northwest Quarter (E½ NW¼) of Section Twenty-nine (29) Township Twenty-seven (27) North Range Twenty-two (22) West M. P. M. and in the actual possession thereof;

"II. *That the defendants and their predecessors have been in the actual, exclusive, open, visible, notorious, hostile, continuous and adverse possession of the said lands and premises for more than ten years last past under certain claim of title and have during such period paid all taxes legally levied and assessed upon said land and premises;*

"III. That the plaintiffs in the above entitled action claim, or may claim some right, title, interest in said lands and premises or liens or encumbrances thereon and have in their complaint in this action asserted certain rights and claims or claim of right or lien or encumbrance upon said lands which claims are adverse to defendants' ownership and cast a cloud upon the defendants' title thereto;

"IV. That said claim or possible claims of the plaintiffs and any right in and to said land are without any right or foundation whatsoever and that said plaintiffs have not nor has either of them any estate, right, title or interest whatever in said lands or premises or any part thereof and said plaintiffs are without any right whatsoever in said claims;

"Wherefore, defendants pray judgment as follows:

"1. That plaintiffs may be required to set forth the nature

300

of their claims and that all adverse claims of the plaintiffs or either of them may be determined by a decree of this court;

"2. That it be declared and adjudged that the defendants' title both legal and equitable to said land and premises be forever quieted in them; and it be declared and adjudged that the defendants are the owners of said premises;

":3. That the plaintiffs and each of them be declared to have no right, title, estate or interest whatsoever in or to said lands and premises or liens or encumbrances thereon and that all the plaintiffs' adverse claims or possible claims therein of the plaintiffs and each and every one of them be declared void and the plaintiffs and each and every one of them be forever debarred from asserting any claims whatever in or to said lands and premises adverse to the defendants;

"4. For such other and further relief as to the Court may seem just and meet in the premises and for defendants' costs of action herein as against any and all of the plaintiffs."

The answer is in two parts. Each part consists of four separately stated and numbered paragraphs.

In the first part of their answer the defendants: (1) Deny having any knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph I of the amended complaint; (2) specifically deny the allegations of paragraph II of the amended complaint; (3) as to the allegations of paragraph III being the last paragraph of the amended complaint defendants specifically admit that "defendants do claim and assert an interest in and to the lands described in plaintiffs' complaint in that defendants are the owners of, in possession of and entitled to the possession" thereof and (4) generally deny every allegation contained in the amended complaint not theretofore specifically admitted or denied in their answer.

Thus does the first part of defendants' answer fully meet all the requirements of subdivision 1 of section 93-3401 of the Revised Codes of Montana of 1947.

*New Matter.* While the second part of the answer contains four separately stated and numbered paragraphs, yet in three

of such paragraphs, to wit, in paragraphs numbered I, III and IV of that part of the answer designated as ''a further and separate defense'' the defendants plead a counterclaim and new matter wherein, *inter alia,* they specifically allege that ''the defendants are the sole and absolute owners in fee simple and entitled to the possession of the lands and premises [particularly describing the same property described in the amended complaint] and in the actual possession thereof * * * that the plaintiffs * * * claim some right, title, interest in said lands * * * which claims are adverse to defendants' ownership and cast a cloud upon defendants' title thereto; that said claims * * * of the plaintiffs * * * are without any right or foundation whatsoever and that said plaintiffs have not * * * any estate, right, title or interest * * * in said lands or premises or any part thereof.''

The above quoted affirmative allegations of new matter so pleaded in paragraphs I, III and IV of the second part of defendants' answer fully meet the requirements of subdivision 2 of section 93-3401, R. C. M. 1947, and clearly state facts sufficient to constitute a cause of action, counterclaim and valid defense wholly separate and apart from, as well as entirely unaided by the allegations of new matter set forth in paragraph II of the second part of defendants' answer. See Conway v. Fabian, 108 Mont. 287, 304, 89 Pac. (2d) 1022. Thrasher v. Hodge, 86 Mont. 218, 224, 283 Pac. 219; Reynolds v. Fitzpatrick, 40 Mont. 593, 596, 107 Pac. 902; McCauley v. Gilmer, 2 Mont. 202, 204; Sullivan v. Dunphy, 4 Mont. 499, 511, 512, 2 Pac. 284, affirmed in Dunphy v. Sullivan, 117 U. S. 346, 6 S. Ct. 766, 29 L. Ed. 912.

The defendants may counterclaim to quiet title in themselves to the same property and the above answer which alleges defendants' title and asks to have it quieted in defendants is a counterclaim. See Brooks v. White, 22 Cal. App. 719, 136 Pac. 500; Betts v. Signor, 7 N. D. 399, 75 N. W. 781; Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511.

In the instant case the new matter constituting a counterclaim

and affirmative defense so pleaded requires a reply, R. C. M. 1947, sec. 93-3601, and where, as here, no reply is filed to such plea, defendants are entitled to judgment on the pleadings. See Anaconda Copper Mining Co. v. Thomas, 48 Mont. 222, 137 Pac. 380; State v. Quantic, 37 Mont. 32, 94 Pac. 491.

By failing to file a reply the new matter so pleaded by defendants is admitted in toto, exactly as pleaded and without reference to the complaint. State v. Quantic, supra; Anaconda Copper Mining Co. v. Thomas, supra; 2 Bancroft's Code Pleading, sec. 808, p. 1159, note 8.

The admission by failure to reply is as complete and effective as though made in terms. 2 Bancroft's Code Pleading, sec. 808, p. 1159, note 9.

Title by adverse possession or prescription may be proved under a general allegation of ownership in fee. See Merrill v. Hooper, 125 Cal. App. 80, 13 Pac. (2d) 786; Sullivan v. Dunphy, supra; Dunphy v. Sullivan, supra.

Where as here the defendants have pleaded in their counterclaim that they are the sole and absolute owners of the fee simple title to the same property claimed by the plaintiffs it is not necessary that they go further and plead the manner by which they acquired their title for the simple reason that it is not necessary to plead the evidentiary facts by which the title relied on was obtained. See Nash v. Northwest Land Co., 15 N. D. 566, 108 N. W. 792.

Counterclaims in quiet title suits are governed by the general rules and general code provisions applicable to counterclaims in other actions. Flint v. Dulany, 37 Kan. 332, 15 Pac. 208. Farmers' State Bank v. Anton, 51 N. D. 202, 199 N. W. 582; Hough v. Wright, 127 Cal. App. 689, 16 Pac. (2d) 301.

R. C. M. 1947, sec. 93-3601, provides: "Where the answer contains a counterclaim, or any new matter, the plaintiff, if he does not demur, shall, within twenty days after service and filing of the answer, reply to such counterclaim or new matter, denying, generally or specifically, each allegation controverted by him, or of any knowledge or information thereof sufficient to

form a belief, and he may allege, in ordinary or concise language, and without repetition, any new matter, not inconsistent with the complaint, constituting a defense to such counterclaim or new matter in the answer."

Under the above section, 93-3601, the plaintiff must file either a demurrer or a reply to such counterclaim or new matter set forth in the answer within twenty days after service and filing of the answer. Compare Munger v. Nelson, 61 Mont. 104, 107, 201 Pac. 286.

R. C. M. 1947, sec. 93-3603, provides: *"Failure to reply.* If the plaintiff fails to reply or demur to the counterclaim, the defendant shall be entitled to the same relief as a plaintiff upon the failure of defendant to demur or answer the complaint. If the answer contains new matter, and the plaintiff fails to reply or demur thereto within the time allowed by law, the defendant may move, on notice, for such judgment as he may be entitled to upon such statement, and the court may thereupon render judgment or order a reference or assessment for damages by jury, as the case may require."

No demurrer, reply, or other pleading to the answer was ever filed in the instant case and defendants, after the time for filing reply expired, caused the default of plaintiffs to be entered.

Thereafter, on motion duly noticed, the district court entered judgment for defendants upon the pleadings.

In the judgment so entered the district court ordered, adjudged and decreed: That the plaintiffs take nothing by this action; that the claim of defendants to the described property shall be and is declared to be established; that the fee simple title to the property and the right of possession thereof be and is forever quieted in defendants as against the claims of the plaintiffs; that the claims of plaintiffs to the property are without any right whatsoever; that plaintiffs have no right, title, interest, claim or estate in or upon the described property or any part thereof and that defendants have their costs.

After the entry of the judgment the plaintiffs made no application to the district court for any relief therefrom. Plaintiffs

made no motion in the district court to vacate or set aside the judgment nor did they make any showing that the judgment was taken against them through their mistake, inadvertence, surprise or excusable neglect. R. C. M. 1947, sec. 93-3905.

Without applying to the district court for any relief the plaintiffs have appealed to this court from the judgment so rendered against them.

When, as in the instant case, the sufficiency of a pleading is challenged for the first time on appeal, the objection that it does not state a cause of action, counterclaim or defense is regarded with disfavor, and every reasonable inference will be drawn from the facts stated in order to uphold the pleading. So, also will the pleading be held sufficient if the claimed defect made the basis of the objection is not a matter going to the root of the cause of action but is such as might have been remedied by an amendment. Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 282, 152 Pac. 481, L. R. A. 1916D, 836.

In Crawford v. Pierse, 56 Mont. 371, 376, 185 Pac. 315, 318, this court said: ''When the sufficiency of a complaint is challenged for the first time on appeal, the objection that it does not state a cause of action is regarded with disfavor, and every reasonable inference will be drawn from the facts stated necessary to uphold it. * * * If upon any view the plaintiff is entitled to relief the pleading will be held sufficient. Raymond v. Blancgrass, 36 Mont. 449, 93 Pac. 648, 15 L. R. A., N. S., 976. A corollary of this rule is that a judgment rendered upon default will not be held void even though the statement of the cause of action may be so defectively made that it would have been open to general demurrer, provided its direct averments necessarily imply, or reasonably require, an inference of the facts necessary to supply the defect. County of Silver Bow v. Davies, 40 Mont. 418, 107 Pac. 81; Phillips on Code Pleading, sec. 352.''

As before stated the instant proceeding is a suit in equity.

In Pittsmont Copper Co. v. O'Rourke, 49 Mont. 281, 291, 141 Pac. 849, 852, this court said: ''The present proceeding is in equity, and the matter set forth in the 'further answer' cannot

be ignored if it is sufficient in substance to warrant denial of relief to the plaintiff or to require the imposition of conditions to the granting of the same.''

The law is as stated by this court in Anaconda Copper Mining Co. v. Thomas, 48 Mont. 222, 224, 225, 137 Pac. 380, 381, viz.: ''As a matter of pleading, the allegations of defendant's 'further and separate answer and defense' were such as to require a reply, and, since none was filed, he was entitled to have judgment entered without other proof than the pleadings. Rev. Codes, sec. 6562 [Rev. Codes of 1907, now R. C. M. 1947, sec. 93-3603] ; State v. Quantic, 37 Mont. 32, 94 Pac. 491; State ex rel. Montana Central R. Co. v. District Court, 32 Mont. 37, 79 Pac. 546. This conclusion is not affected by the reference to the lands in question as 'the lands described in the complaint herein,' instead of by legal description, since it not only could not mislead but served every substantial purpose attainable by a repetition of the description.

''The plaintiff, asserting that the defendant claimed some right to the land which operated to cloud its title, brought him into court demanding that he set forth the nature of his claim. He did so, and, if the statement of new matter contained in the answer and admitted by failure to reply was such as to entitle him to any relief, it was the duty of the court to grant whatever relief he was entitled to upon such statement. Rev. Codes, sec. 6562; State v. Quantic, supra. Disregarding questions of form, the new matter alleged in the answer is confessedly sufficient to support the affirmative relief awarded; but the contention is that such relief was not warranted here because there was no formal plea for it. If the action were at law, the want of a counterclaim complete within itself would be fatal; but the action is in equity, and the pleader is not concluded by his prayer. (Gillett v. Clark, 6 Mont. 190, 9 Pac. 823; Leopold v. Silverman, 7 Mont. 266, 16 Pac. 580; Davis v. Davis, 9 Mont. 267, 23 Pac. 715; Kleinschmidt v. Steele, 15 Mont. 181, 38 Pac. 827) nor by the form of his pleading (Davis v. Davis, supra). 'It is a settled rule of equity practice that when the court has

before it all the parties to any difference, and when it has obtained complete jurisdiction of the whole subject-matter, it will finally settle the whole controversy.' Davis v. Davis, supra. Under this rule, the new matter set up in the answer was sufficient to support the decree. Davis v. Davis, supra; Walker v. Burks, 48 Tex. 206; Chicago, etc., Land Co. v. Peck, 112 Ill. 408; McCormick v. District of Columbia, 18 D. C. [534] (7 Mackey) 534; Sale v. Crutchfield, 8 Bush, Ky., 636.'' See also State v. Quantic, 37 Mont. 32, 94 Pac. 491.

The general rule in a quiet title action is that the pleader may allege his title or ownership in general terms and then under such general allegation he may prove whatever title he may have regardless of the source and including title by adverse possession. See Le Vasseur v. Roullman, 93 Mont. 552, 556, 20 Pac. (2d) 250, 251; Neel v. Ramelli, 138 Cal. App. 366, 32 Pac. (2d) 177; Moniz v. Peterman, 220 Cal. 429, 31 Pac. (2d) 353; Merrill v. Hooper, 125 Cal. App. 80, 13 Pac. (2d) 786.

It is not requisite in their counterclaim that defendants deraign their title. See McKay v. McDougal, 19 Mont. 488, 48 Pac. 988; Thomson v. Nygaard, 98 Mont. 529, 536, 41 Pac. (2d) 1.

Defendants need only state the ultimate facts in their counterclaim. They need only allege themselves to be the owners of the property, describing it, and that the plaintiffs assert some title thereto adverse to them. See Slette v. Review Publishing Co., 71 Mont. 518, 230 Pac. 580, and cases there cited.

Whatever interest the pleader has may be quieted. If a title in fee, such interest may be quieted; if a less interest, the less interest may likewise be quieted. See Le Vasseur v. Roullman, supra; Pollock Mining & Milling Co. v. Davenport, 31 Mont. 452, 78 Pac. 768; Merk v. Bowery Mining Co., 31 Mont. 298, 78 Pac. 519, and cases there cited; McKinnie v. Shaffer, 74 Cal. 614, 16 Pac. 509.

Since the allegations of paragraphs designated I, III and IV of defendants' ''further and separate defense'' are sufficient to present the question of title by adverse possession and to

enable defendants at the trial to introduce proof of adverse possession it is clear that the allegations of paragraph designated II of defendants' "further and separate defense" serves no necessary purpose. See Mondine v. Labaig, 44 Cal. App. 781, 186 Pac. 1047; Anderson v. Richards, 100 Or. 641, 198 Pac. 570; Merrill v. Hooper, supra.

Defendants' counterclaim and affirmative defense being complete and sufficient, wholly unaided by the allegations of paragraph II thereof, such additional averment that the defendants "have been in * * * adverse possession of said lands and premises for more than ten years last past" is mere *surplusage* that may be disregarded. See Sullivan v. Dunphy, 4 Mont. 499, 2 Pac. 284, affirmed Dunphy v. Sullivan, 117 U. S. 346, 6 S. Ct. 766, 29 L. Ed. 912; Gillespie v. Jones, 47 Cal, 259.

That such is the law of this jurisdiction is conceded by the appellants for at page 5, subdivision B of their printed brief they correctly assert that defendants' plea of adverse possession was surplusage.

Paragraph II of the counterclaim being mere surplusage which not only may but which *must* be disregarded, R. C. M. 1947, sec. 93-3909, the counterclaim then rests upon the allegations of the remaining paragraphs thereof, namely, paragraphs numbered I, III and IV which are clearly sufficient to affirmatively state a good counterclaim and defense to the cause of action stated in plaintiffs' amended complaint and to require a reply thereto by plaintiffs.

The majority opinion completely overlooks these facts: 1. That the allegations of the first, third and fourth paragraphs of defendants' "further and separate defense" sufficiently plead a valid counterclaim and defense; 2. That the allegations of the second paragraph of such portion of the answer add nothing to the sufficiency of the pleading; 3. That the allegations of paragraph II thereof are *mere surplusage;* 4. That being *mere surplusage* paragraph II may be wholly disregarded; 5. That under the express mandate of R. C. M. 1947, sec. 93-3909, "the court *must * * * disregard*" such surplusage in the pleadings;

6. That when such *surplusage* is *disregarded* the pleadings nevertheless will still admit of proof of defendants' claimed title whether based upon deed, decree, will, statute, patent or adverse possession, Le Vasseur v. Roullman, supra, and 7. That defendants' pleading being sufficient, with paragraph II thereof wholly disregarded, it is not necessary for defendants to amend their answer in any particular to admit of proof of the allegations of paragraph I, viz.: ''That defendants are the sole and absolute owners in fee simple * * * of the lands and premises'' particularly described.

Under the provisions of our Codes and the well established rules of pleading and practice that obtain in this jurisdiction the rulings, orders and judgment of the district court are correct for which reason they should be affirmed.

Accordingly I here register by dissent.

## Supplemental Opinion.

MR. JUSTICE ANGSTMAN:

I agree with much of the foregoing dissenting opinion but it ██ overlooks the fundamental rule in the construction of a pleading which is that when a general allegation is made followed by specific allegations regarding the same matter the specific acts are controlling and the pleader is confined in his proof to the specific acts pleaded. 41 Am. Jur., Pleading, sec. 33, p. 312.

This court has adhered to this rule. State v. Schnell, 107 Mont. 579, 88 Pac. (2d) 19, 121 A. L. R. 1082, and cases therein cited.

Here defendants did not rest upon their allegation of ownership, but went ahead and attempted to allege adverse possession as the means of obtaining ownership. Hence instead of the allegations designed to show adverse possession being treated as surplusage, the universal rule is that the pleader is limited to the specific acts alleged.

The point stressed in the dissenting opinion was not urged by counsel and since the filing of the dissenting opinion has been

delayed, this is the first opportunity to comment upon what it contains.

MR. JUSTICES FREEBOURN and ANDERSON, concur.