PREWETT, Appellant v. PREWETT et al, Respondents.
No. 9259.
Submitted December 1, 1953. Decided January 13, 1954.
265 Pac. (2d) 198.

Swanberg and Swanberg, Great Falls, for appellant.

H. R. Eickemeyer, Robert J. Nelson, Nelson, Conklin and Marra, Great Falls, for respondents.

Mr. Randall Swanberg and Mr. Nelson argued orally.

MR. CHIEF JUSTICE ADAIR:

This is a suit in equity seeking to quiet title to certain described lands embracing 271 acres located in Cascade County.

The record title to the lands stood in the name of Thomas Prewett, Sr., for many years during which time he resided thereon, reared nine children, and engaged in raising cattle and ranching.

By warranty deed filed for record May 5, 1938, in the office of the clerk and recorder of Cascade County, Thomas Prewett, Sr., widower and owner of the lands conveyed same together with two milk cows, five head of horses, fourteen head of stock cattle and all his household goods unto Philemon John Prewett, one of his sons, who thereby acquired the record title thereto subject to the liens of two duly recorded mortgages on the property given by Thomas Prewett, Sr., the grantor, to secure the payment of substantial sums of money owing by him and also subject to certain past due taxes assessed and levied against the property which liens and obligations the grantee, Philemon, assumed and agreed to pay.

Immediately upon the delivery to him of the above deed, Philemon went into possession of all the lands and other described property and with his wife, Ruby Prewett, resided and made their home thereon until in the late spring or summer of 1940 when Ruby's health failed, whereupon she and Philemon drove to the home of Ruby's parents near Ovando, Montana, taking with them only a few of their personal belongings and leaving one Harold A. Hardy on and in charge of all the described lands as well as the cattle and other property thereon. At the trial Harold A. Hardy testified that he continued to stay on the lands and that he cared for same and the personal property thereon until in March of the year 1941, at which time he left the premises.

While staying at the home of her parents near Ovando, Ruby was enabled to obtain the required medical attention and treatment from her family's physician who resided in Missoula and this she did.

In September 1940, Philemon and his wife upon leaving the lands in question and returning to Ovando took with them a bed and a pig, leaving the remainder of their personal property

including their household furniture and livestock on the premises.

On October 7, 1940, Philemon and his wife again drove from Ovando to the described lands and premises where they remained until October 14, 1940.

At this time Thomas Prewett, Jr., also called Tom Prewett, and his wife Lola Prewett, were residing on the E. D. Smock farm which adjoins the described lands here involved, which farm Tom Prewett was then operating under a lease from Mr. Smock the owner.

Tom Prewett and Philemon Prewett are brothers.

There is testimony in the record that between the 7th and 14th of October 1940, Tom Prewett and his wife Lola came to the home of Philemon and his wife Ruby on the described lands at which time Tom informed his brother Philemon that he, Tom, was going to give up his lease on the Smock farm at which time he would require a place in which to live and that if agreeable with Philemon he would like to move on the described lands here involved, whereupon Philemon told Tom that if he latter would pay the taxes to accrue on the lands each year and also take care of the taxes then standing against the lands, he could move thereon and use the lands as he, Philemon, would rather have Tom there than some stranger.

On or about November 4, 1940, Tom Prewett and his wife Lola, with the knowledge and verbal consent of his brother Philemon moved on the described lands where they have since continuously resided.

There is evidence in the record that in November 1940 when Tom and his wife moved thereon, the lands were then of the value of between five and six thousand dollars.

It is conceded that on November 4, 1940, and for a number of years prior thereto as well as at all times since, the record title to all the described lands stood and now stands in the name of Philemon John Prewett.

On December 10, 1950, being exactly ten years and thirty-six days from the day on which, with his brother's knowledge and

permission, he moved on the described lands, Tom Prewett, as plaintiff, commenced this suit in equity against his brother Philemon and the latter's wife, Ruby, as named defendants, seeking a decree adjudging Tom to be the owner based on claimed ''adverse possession'' by the plaintiff Tom of the described lands so standing of record in the name of the defendant Philemon.

*Complaint.* The complaint contains four separately numbered paragraphs. In the first, second and third paragraphs the plaintiff Tom alleges ownership and actual possession by plaintiff and that defendants without right, claim some interest adverse to plaintiff. Plaintiff did not rest upon his allegation of ownership but in the fourth and concluding paragraph went ahead and attempted to allege adverse possession as the means of obtaining ownership.

The fourth paragraph of the complaint reads: ''IV. That plaintiff has been in open, exclusive and notorious possession of said land and premises under claim of title for more than ten years, and has paid all taxes levied thereon for each year beginning with the taxes for the year 1938.''

*Answer.* In their answer the defendants admit that plaintiff is in possession of the lands but allege that such possession has been and now is under and by virtue of a parol year-to-year lease from defendants to plaintiff as is set forth in the answer; deny that plaintiff was or is the owner or entitled to possession of the property; admit that defendants' claim an estate and interest in the lands adverse to the claim of plaintiff and deny all other allegations of the complaint.

As a further answer defendants allege ''that the defendant, Phil Prewett, also known as Phillip Prewett, is now and at all times mentioned in said complaint was the sole owner in fee simple and entitled to the possession of the lands described in plaintiff's complaint, and the whole thereof; that on or about the 14th day of October, 1940, the plaintiff took possession of said lands under and by virtue of a verbal lease for a period of one year; that plaintiff agreed to pay for the occupancy of said premises for said time all the taxes assessed and unpaid upon

said lands in the name of the defendant Phil Prewett, and to keep said taxes paid, and to pasture, feed and care for the cattle belonging to the defendant, Phil Prewett, and to keep in good repair all of the buildings and fences located and situated upon said described lands.

"That the plaintiff ever since said time has been and is now in possession of said property under and by virtue of a year to year lease from the defendants to the plaintiff, under the same terms and conditions as said lease hereinabove set out; that said lands during all of the times mentioned in plaintiff's complaint have been and they are now assessed in the name of the defendant Phil Prewett; that the plaintiff has during each year of all of said time paid said taxes for and on behalf of the defendant Phil Prewett under said year to year leases, and the plaintiff has during each year mentioned in said complaint looked after and cared for the cattle belonging to the defendant Phil Prewett, and kept said buildings and fences on said lands in repair, as the plaintiff agreed to do in said year to year leases;

"That the plaintiff knew the exact address of the defendants and at no time did the plaintiff notify the defendants or either of them that he claimed any ownership whatsoever in said lands." The prayer is that plaintiff take nothing; that plaintiff's complaint be dismissed; that the defendant Philemon Prewett be adjudged to be the owner in fee simple of the lands and for defendants' costs of suit.

*Second Amended Reply.* The plaintiff Tom Prewett filed a second amended reply wherein he denies all the allegations of defendants' answer and as a first separate affirmative defense alleges that "more than ten years prior to the date of the institution, by the plaintiff, of the within actions, and at a time when the premises * * * had been sold for delinquent taxes thereon to Cascade County * * * the defendants * * * relinquished and abandoned possession of said premises to the plaintiff, and requested plaintiff to move thereon and to occupy the same and redeem it from tax sale, if possible, in consideration of which the defendants, nor would either of them, ever make or assert

412

any claim or claims whatever to said premises or any part thereof * * *''

As a second and separate defense the plaintiff Tom Prewett alleges that, ''the supposed lease, mentioned in defendants' joint answer, was and is for a longer period than one year, and the same was never in any writing subscribed by the plaintiff or by any agent on his behalf, thereunto authorized; that there never was, and is not now, any note or memorandum thereof, in writing, subscribed by the plaintiff or by plaintiff's agent, and that said claimed lease from year to year, or whatever it may be, as pleaded in defendants' joint answer, was at all times and is void and a nullity under and pursuant to the provisions of Subdivisions numbered 1 and 5 of Section 13-606, Revised Codes of Montana for the year 1947.''

As a third and separate defense the plaintiff Tom Prewett alleges that, ''the supposed lease and agreement for the leasing of the lands involved * * * is void under and pursuant to the provisions of Subdivisions 1 and 5, respectively, of Section 93-1401-7, Revised Codes of Montana, for the year 1947.''

Upon the issues so presented the cause was tried before the court sitting without a jury. Ten witnesses testified on behalf of plaintiff and six on behalf of defendants and while some of the testimony is undisputed yet much of it is conflicting.

After hearing and considering all the evidence and the conflicting claims of the parties, the trial court made and filed written findings of fact, conclusions of law and gave and entered a decree in conformity therewith for the defendant Philemon John Prewett and against the plaintiff from which decree the plaintiff has appealed.

*Findings of Fact.* The plaintiff Tom challenges and assigns as error the making of certain of the court's findings, wherein it found that in the month of October 1940, Philemon verbally told his brother Tom that Philemon intended to move from the described lands and that if Tom cared to, he could move on and use the land if he would pay the taxes each year and pick up the delinquent taxes against the lands; that in

connection with such matter Tom testified that Philemon told Tom "the place is yours, move on and do as you like with it;" that Philemon denied making the last quoted statement and testified that when he Philemon moved from the land he left his cattle there and that Tom cared for such cattle until they were sold by Philemon; that Tom knew that after Tom moved on the described lands, his brother Philemon paid off a mortgage on the lands; that most of the money which Tom claimed he had expended for improvements on the lands was in reality spent for repairs on the property; that each year Tom sent the assessment list for the land to his brother Philemon at Missoula and that while Tom paid the taxes each year the tax receipts were issued to and in the name of his brother Philemon; that while living upon the property Tom has accepted from Philemon one-half of the money that was received from time to time from gravel which was sold and removed from the lands; that Tom claims and Philemon denies that Tom verbally demanded any deed from Philemon; that the plaintiff Tom did not prove by a preponderance of the evidence that he acquired title to the lands by virtue of a parol gift as was claimed by Tom at the trial although not averred in any of his pleadings. Compare Flathead Lumber Corp. v. Everett, 127 Mont. 291, 263 Pac. (2d) 376, 385; that the plaintiff Tom did not prove the allegations of his complaint by a preponderance of the evidence; that the plaintiff Tom is not the owner of the lands and that he has no right, title or interest in or to such property or any part thereof.

In our opinion there is ample evidence in the record herein to sustain the findings so made by the trial court.

At the trial the plaintiff Tom sought to show by the witness ▆▆ Ben Brown the value, in the year 1940, of certain lands located near the property in question and owned by the witness Brown but not described in plaintiff's complaint nor involved in this law suit. The trial court, sustaining defendants' objections thereto rejected such offered evidence and plaintiff assigns such ruling as error. We fail to see the materiality of the excluded evidence and find no error in the trial court's ruling.

There is ample substantial evidence in the record which, if believed, sustains and warrants the decree entered. The decree should be amended to also order, adjudge and decree the defendant Philemon John Prewett to be the owner in fee simple of the lands described in plaintiff's complaint and to adjudge that the plaintiff Thomas Prewett has no estate or interest whatever therein and it is so ordered. As so amended, the decree is affirmed and defendants shall have their costs.

MR. JUSTICE BOTTOMLY, ANGSTMAN, FREEBOURN, and ANDERSON, concur.